## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| WP Steel Venture LLC, et al.,[1] | : | Case No. 12-11661 (KJC) |
|  | : |  |
|  | : | Jointly Administered |
|  | : |  |
| Debtors. | : | Re: Docket Nos. 93 |

-----------------------------------------------------x

## ORDER: (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE(S) OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING HEARING TO CONSIDER SALE; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; (IV) AUTHORIZING ENTRY INTO STALKING HORSE AGREEMENTS SUBJECT TO FURTHER HEARING; AND (V) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] [Docket No. 93] of the above-captioned debtors (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), as supplemented by Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order approving bidding procedures and the sale of the Purchased Assets; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses:  (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927).  The Debtors' executive headquarters are located at 1430 Sparrows Point Boulevard, Sparrows Point, MD  21219.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:[3]**

A.      This Court has jurisdiction over the Motion and the transactions contemplated thereunder pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

C.      The Debtors' proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of the Purchased Assets, and the Bidding Procedures to be employed in connection therewith.

D.      The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including: (i) the entry, subject to the terms hereof, into one or more Stalking Horse Agreements, subject to higher or better offers at the Auction, with one or more Stalking Horse Bidders, which Stalking Horse Agreements may provide for the provision of the Bid Protections to such Stalking Horse Bidders in accordance with the terms hereof; (ii) the establishment of bidding procedures for the auction and sale of the Purchased Assets and the scheduling of a bid deadline, auction and sale hearing for the sale of the Purchased Assets; and

---

[3]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable.  See Bankruptcy Rule 7052.

(iii) the establishment of procedures, as set forth below, for the assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases to any purchaser of the Purchased Assets and/or to resolve any objections thereto, including procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code.

E.      The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Purchased Assets.

F.      The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted as set forth herein.

2.      All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

**Bidding Procedures**

3.      The Bidding Procedures, in substantially the form attached hereto as Schedule 1, are hereby incorporated herein and approved,[4] and shall apply with respect to the sale of the Purchased Assets.  The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

**Bid Deadline, Auction and Sale Hearing**

4.      As further described in the Bidding Procedures, the deadline for submitting bids for the Purchased Assets (the "**Bid Deadline**") is July 25, 2012 at 12:00 noon

---

[4]      The failure specifically to include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

(Prevailing Eastern Time).  No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures.

5.      The Debtors may sell the Purchased Assets by conducting Auctions for such Purchased Assets in accordance with the Bidding Procedures.  Pursuant to the Bidding Procedures, if two or more Qualified Bids for a Purchased Asset are timely received by the Debtors and the other Notice Parties (as defined in the Bidding Procedures) in accordance with the Bidding Procedures, the Auction for such Purchased Asset shall take place on (i) July 31, 2012 at 10:00 a.m. (Prevailing Eastern Time) or (ii) if the Stalking Horse Event (as defined below) occurs, on August 21, 2012 at 10:00 a.m. (prevailing Eastern Time) at the offices of Willkie Farr & Gallagher LLP, co-counsel to the Debtors, at 787 Seventh Avenue, New York, New York, or at such other place, date and time as may be designated in writing by the Debtors to the Notice Parties.

6.      Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

7.      The Auction will be conducted openly.

8.      Bidding at the Auction will be transcribed or videotaped.

9.      The Sale Hearing shall be held before this Court on August 8, 2012 at ~~4:00~~ 1:00 p.m. (Prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard; provided, however, that if the Stalking Horse Event occurs, the Sale Hearing shall be conducted at August 23, 2012 at 10:00 a.m.

10.     The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

11.     Objections to the sale of the Purchased Assets, or related relief requested in the Motion,[5] must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (Prevailing Eastern Time) on the date that is five (5) business days before the Sale Hearing; provided, however, in the event the Stalking Horse Event occurs, any objections to the sale of Purchased Assets shall be filed no later than one (1) business day before the Sale Hearing, or such later date and time as the Debtors may agree; and (d) be served so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on the same date, upon:

(i) the Debtors, RG Steel, LLC, 1430 Sparrows Point Boulevard, Sparrows Point, MD 21219 (Attn: V. John Goodwin and Richard D. Caruso); (ii) co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099 (Attn: Matthew Feldman, Esq., Shaunna Jones, Esq. and Weston T. Eguchi, Esq.) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P. O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert J. Dehney, Esq. and Erin R. Fay, Esq.); (iii) investment bankers to the Debtors, Sea Port Group Securities, LLC ("**Seaport**"), 360 Madison Avenue, 23rd Floor, New York, NY 10017 (Attn: James Tumulty and Edward Siegel); (iv) financial advisors to the Debtors, Conway MacKenzie, Inc., 600 Fifth Avenue, 25th Floor, New York,

---

[5]    Other than objections to the assumption, assignment and/or transfer of Executory Contracts and Unexpired Leases, which are addressed below.

NY 10020 (Attn: Donald MacKenzie and Michael S. Correra); (v) counsel to

Wells Fargo Capital Finance, LLC, as administrative agent and co-collateral

agent, and counsel to General Electric Capital Corporation, as syndication agent

and co-collateral agent, under the Senior Prepetition Credit Agreement and the

DIP Financing Agreement (the "**Senior Prepetition and DIP Agents**"), for the

Senior Prepetition Lenders and the DIP Lenders, respectively, (a) Otterbourg,

Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, NY 10169-0075

(Attn: Jonathan N. Helfat, Esq. and Daniel F. Fiorillo, Esq.) and (b) Paul Hastings

LLP, 600 Peachtree Street, N.E., 24th Floor, Atlanta, GA 30308 (Attn: Jesse H.

Austin, III, Esq.); (vi) financial advisor to the Senior Prepetition Lenders and DIP

Lenders, Carl Marks Advisory Group LLC, 900 Third Avenue, 33rd Floor, New

York, NY 10022-4775 (Attn: Marc L. Pfefferle); (vii) counsel to Cerberus

Business Finance, LLC, as agent, under the Junior Prepetition Credit Agreement

(the "**Junior Prepetition Agent**," and together with the Senior Prepetition and

DIP Agents, the "**Agents**"), for the Junior Prepetition Lenders, Schulte Roth &

Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam C. Harris,

Esq.); and (viii) counsel to The Renco Group, Inc., as holder of the Renco

Subordinated Notes ("**Renco**"), Cadwalader Wickersham & Taft LLP, One World

Financial Center, New York, NY 10281 (Attn: Peter M. Friedman, Esq. and

Michael C. Ryan, Esq.); (ix) counsel to the official committee of unsecured

creditors (the "**Committee**"), Kramer Levin Naftalis & Frankel LLP, 1177

Avenue of the Americas, New York, NY 10036 (Attn: Thomas Moers Mayer,

Esq. and Joshua Brody, Esq.); and (x) the Office of the United States Trustee, 844

King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Mark Kenney, Esq.).

12.     All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing. The Debtors shall be entitled to file a reply to any objections no later than one (1) business day before the Sale Hearing; provided, however, in the event of the Stalking Horse Event, the Debtors shall file a reply as soon as practicable.

### Notice of Auction and Sale Hearing

13.     The Notice of Auction and Sale Hearing (as defined below) and the Notice of Assumption and Assignment (as defined below) to be issued in connection with the proposed sales of the Purchased Assets, substantially in the forms annexed hereto as Schedule 2 and Schedule 3, respectively, are approved, and such notice shall be good and sufficient, and no other or further notice shall be required if given as provided herein.

14.     On or before three (3) business days after entry of this Bidding Procedures Order, the Debtors will cause:

(A)     The notice, substantially in the form attached hereto as Schedule 2 (the "**Notice of Auction and Sale Hearing**") and this Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee and any other statutory committees in these cases, if and when appointed; (c) counsel to the agents for the Debtors' prepetition senior secured lenders; (d) counsel to agent for the Debtors' junior prepetition secured lenders; (e) counsel to The Renco Group, Inc., a secured noteholder, (f) counsel to the agent for the Debtors' postpetition secured lenders; (g) all entities (or counsel therefor) known or reasonably believed to have asserted any lien, claim, encumbrance, right of refusal, or other interest in or upon any portion of the Purchased

Assets; (h) all non-Debtor parties to the Executory Contracts and Unexpired Leases; (i) all Persons known or reasonably believed to have expressed a *bona fide* interest in acquiring some or all of a Purchased Asset within the last six months; (j) federal, state, and local regulatory or taxing authorities or recording offices or any other governmental authorities that, as a result of the sale of the Purchased Assets, may have claims, contingent or otherwise, in connection with the Debtors' ownership of the Purchased Assts or have any reasonably known interest in the relief requested by the Motion; (k) the Internal Revenue Service; (l) the United States Environmental Protection Agency; (m) any applicable state environmental agency; (n) the United States Attorneys' office; (o) the Attorneys General in the states where the Purchased Assets are located; and (p) all parties that have requested, prior to the date of service of the notice, or that are required to receive notice pursuant to Bankruptcy Rule 2002;

      (B)      The Notice of Auction and Sale Hearing to be served on all known creditors of the Debtors; and

      (C)      Subject to applicable submission deadlines, the Notice of Auction and Sale Hearing to be published in one (1) national publication the Debtors deem appropriate.

      In addition to the foregoing, electronic notification of the Sale Motion, the Bidding Procedures Order and the Notice of Auction and Sale Hearing will be posted on: (1) the Court's website, http://www.deb.uscourts.gov; and (2) the case website maintained by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, http://www.kccllc.net/RGSteel.

## Assumption and Assignment of Executory Contracts and Unexpired Leases

15.      On or before three (3) business days after the entry of the Bidding

Procedures Order, the Debtors shall serve by first class mail or hand delivery, a notice of

potential assumption, assignment and/or transfer of the Executory Contracts and Unexpired

Leases (substantially in the form attached hereto as Schedule 3, the "**Notice of Assumption and**

**Assignment**") on all non-Debtor parties to the Executory Contracts and Unexpired Leases. In

addition, if the Debtors identify additional executory contracts or unexpired leases that might be

assumed by the Debtors and assigned to the purchaser at Purchased Assets (the "**Purchaser**") not

set forth in the original Notice of Assumption and Assignment, the Debtors shall promptly send a

supplemental notice (a "**Supplemental Notice of Assumption and Assignment**") to the

applicable counterparties to such additional executory contracts and unexpired leases.

16.      In the Notice of Assumption and Assignment or Supplemental Notice of

Assumption and Assignment, the Debtors shall identify whether the Executory Contract or

Unexpired Lease may be assumed, and (a) the calculation of the undisputed cure amounts that

the Debtors believe must be paid to cure all defaults under such Executory Contract and

Unexpired Lease, and (b) any non-monetary default under such Executory Contract and

Unexpired Lease known to the Debtors that is required to be cured under section 365 of the

Bankruptcy Code prior to the assumption and/or assignment of such Executory Contract and

Unexpired Lease  (collectively, the "**Cure Amounts**"), as of the date of such notice (the "**Cure**

**Date**"). If the Debtors believe that there is no Cure Amount under an Executory Contract or

Unexpired Lease as of the Cure Date, no corresponding amount or nonmonetary default shall be

listed on the Notice of Assumption and Assignment or Supplemental Notice of Assumption and

Assignment.

17.    Unless the non-Debtor party to an Executory Contract or Unexpired Lease files an objection (the "**Cure Amount/Assignment Objection**") to (a) its scheduled Cure Amount and/or (b) the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease by 4:00 p.m. (Prevailing Eastern Time) on the date that is twenty (20) days after service of the applicable Notice of Assumption and Assignment (or, for any Executory Contract or Unexpired Lease for which a Supplemental Notice of Assumption and Assignment was served, 4:00 p.m. (Prevailing Eastern Time) on the date that is the earlier of (x) fourteen (14) days after service of the applicable Supplemental Notice of Assumption and Assignment and (y) two (2) business days prior to the Sale Hearing) (the "**Cure/Assignment Objection Deadline**"), and serves a copy of the Cure Amount/Assignment Objection so as to be received no later than 4:00 p.m. on the Cure/Assignment Objection Deadline on the same day to:

(i) the Debtors, RG Steel, LLC, 1430 Sparrows Point Boulevard, Sparrows Point, MD 21219 (Attn: V. John Goodwin and Richard D. Caruso); (ii) co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099 (Attn: Shauna Jones, Esq. and Weston T. Eguchi, Esq.) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P. O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert J. Dehney, Esq. and Erin R. Fay, Esq.); (iii) investment bankers to the Debtors, Sea Port Group Securities, LLC, 360 Madison Avenue, 23rd Floor, New York, NY 10017 (Attn: James Tumulty and Edward Siegel); (iv) financial advisors to the Debtors, Conway MacKenzie, Inc., 600 Fifth Avenue, 25th Floor, New York, NY 10020 (Attn: Donald MacKenzie and Michael S. Correra); (v) counsel to the Senior Prepetition and DIP Agents, for the Senior Prepetition Lenders and the DIP Lenders,

respectively, (a) Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue,

New York, NY 10169-0075 (Attn: Jonathan N. Helfat, Esq. and Daniel F.

Fiorillo, Esq.) and (b) Paul Hastings LLP, 600 Peachtree Street, N.E., 24th Floor,

Atlanta, GA 30308 (Attn: Jesse H. Austin, III, Esq.); (vi) financial advisor to the

Senior Prepetition Lenders and DIP Lenders, Carl Marks Advisory Group LLC,

900 Third Avenue, 33rd Floor, New York, NY 10022-4775 (Attn: Marc L.

Pfefferle); (vii) counsel to the Junior Prepetition Agent, Schulte Roth & Zabel

LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam C. Harris, Esq.); and

(viii) counsel to Renco, Cadwalader Wickersham & Taft LLP, One World

Financial Center, New York, NY 10281 (Attn: Peter M. Friedman, Esq. and

Michael C. Ryan, Esq.); (ix) counsel to the Committee, Kramer Levin Naftalis &

Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn:

Thomas Moers Mayer, Esq. and Joshua Brody, Esq.); and (x) the Office of the

United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801

(Attn: Mark Kenney, Esq.);

then such non-Debtor party (i) will be forever barred from objecting to the Cure Amount and

from asserting any additional prepetition cure or other prepetition amounts with respect to such

Executory Contract and Unexpired Lease and the Debtors shall be entitled to rely solely upon the

Cure Amount, and (ii) if the Executory Contract or Unexpired Lease was identified as to be

assumed, assigned and/or transferred by the Successful Bidder, be deemed to have consented to

the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease and

shall be forever barred and estopped from asserting or claiming against the Debtors, the

Successful Bidder or any other assignee of the relevant Executory Contract or Unexpired Lease

that any additional prepetition amounts are due or prepetition defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied, under such Executory Contract or Unexpired Lease as of the Cure Date.  Nothing herein shall be deemed to prejudice or bar a non-Debtor party's claim for any unpaid cure amounts under an Executory Contract or Unexpired Lease relating to the period from the Cure Date to the effective date of assignment of such Executory Contract or Unexpired Lease.

18.    If an objection challenges a Cure Amount, the objection must set forth the cure amount being claimed by the objecting party and/or any non-monetary defaults the objecting party asserts must be cured prior to assumption and/or assignment of the applicable Executory Contract or Unexpired Lease (the "**Claimed Cure Amount**") with appropriate documentation in support thereof.  Upon receipt of an objection to a Cure Amount, the Debtors or the Successful Bidder, as the case may be, may, in their sole discretion, hold an amount equal to the Claimed Cure Amount in reserve pending further order of the Court or agreement between the Debtors, the Successful Bidder and the objecting party.  If the Claimed Cure Amount or such other amount as the Court may order is held in reserve, the Debtors may assume, assign and/or transfer the Executory Contract or Unexpired Lease that is the subject of an objection without further delay.  Upon assumption and assignment of such Executory Contract or Unexpired Lease, the objecting party's recourse with respect to the Cure Amounts will be limited to the funds held in reserve.

19.    The Debtors or the Successful Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease (an "**Excluded Contract**") from the list of Purchased Assets no later than one (1) business day prior to the Sale Hearing.  The non-

Debtor party or parties to any such Excluded Contract will be notified of such exclusion by written notice mailed within one (1) business day of such determination.

20.     Within one (1) business day after the conclusion of the Auction for a Purchased Asset, the Debtors will serve a notice identifying the Successful Bidder(s) and Back-Up Bidder to the non-Debtor parties to the Executory Contracts and Unexpired Leases that have been identified in the Successful Bid for such Purchased Asset. The non-Debtor parties to the Executory Contracts and Unexpired Leases will have until 12:00 noon (Prevailing Eastern Time) on the date that is one (1) business day prior to the Sale Hearing (or if the Stalking Horse Event occurs, as soon as practicable prior to the Sale Hearing) to object to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

21.     Replies to objections to the Sale Motion shall be filed on or before 5:00 p.m. (Prevailing Eastern Time) on the date that is one (1) business day prior to the Sale Hearing (or if the Stalking Horse Event occurs, as soon as practicable prior to the Sale Hearing).

### Other Stalking Horse Agreements

22.     At any time on or prior to 5:00 p.m. (Prevailing Eastern Time) on July 30, 2012 (the "**Stalking Horse Deadline**"), the Debtors, with the reasonable consent of the Senior Prepetition and DIP Agents and the Committee, may, with respect to each Purchased Asset for which a Stalking Horse Bidder has not been approved by the Court, enter into a purchase agreement (each, a "**Stalking Horse Agreement**"), subject to higher and better offers at the Auction, with a bidder that submits a Qualified Bid with respect to such Purchased Asset (each, a "**Stalking Horse Bidder**") to establish a minimum Qualified Bid for such Purchased Asset at the

Auction (the "**Stalking Horse Event**"). The Stalking Horse Agreement may, with the reasonable consent of the Senior Prepetition and DIP Agents and the Committee, contain customary terms and conditions providing the Stalking Horse Bidder with reasonable expense reimbursement, overbid protections break-up fees or other bid protections (collectively, the "**Bid Protections**").

23.    Promptly after entering into a Stalking Horse Agreement, the Debtors will distribute such agreement to the parties submitting other Qualified Bids for the respective Purchased Asset. If the Stalking Horse Event occurs, (a) on or before the Stalking Horse Deadline, the agreement(s) shall be placed on the Court's docket and notice thereof shall be given to all parties who received notice of the Bidding Procedures Motion, all parties on the Debtors' 2002 Notice list and all Potential Bidders; and (b) the Court shall conduct a hearing on a date that is two (2) or more business days thereafter to consider approval of the proposed Bid Protections. The Bid Protections hearing may be adjourned or rescheduled without notice other than as stated on the record in Court or in an appropriate agenda letter.

24.    Should the Court approve an expense reimbursement in a Stalking Horse Agreement, the Debtors will be authorized to pay such expense reimbursement as provided in such Stalking Horse Agreement, and the obligation to pay such amount: (i) shall be entitled to administrative expense claim status under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (ii) shall not be subordinate to any other administrative expense claim against the Debtors (other than any super-priority claim granted under the Proposed DIP Orders, any carve-out for professional fees and expenses included in the Proposed DIP Orders, or any adequate protection order in existence as of the date hereof); and (iii) shall survive the termination of the applicable Stalking Horse Agreement.

## Credit Bidding

25.     Subject to any applicable intercreditor agreement and the DIP Orders,
(a) each of the Agents, for itself and on behalf of its respective lenders, and Renco (each, a
"**Credit Bidding Party**") shall be deemed to be a Potential Bidder and a Qualified Bidder for all
purposes in connection with the Bidding Procedures and (b) such Credit Bidding Party shall,
pursuant to 11 U.S.C. § 363(k), unless otherwise determined by the Court, be permitted, but not
compelled, to credit bid ("**Credit Bid**") upon all or any portion of the Purchased Assets
constituting collateral of such Credit Bidding Party; provided, however, that such Credit Bid
must (x) include an offer for the payment, in cash, of an amount sufficient to satisfy in full all
senior liens on such Purchased Asset (or provide such other treatment acceptable to the senior
lienholder) and (y) provide for the payment of any success fee or incentive compensation that is
based on the sale of such Purchased Asset, including, without limitation, (a) the Seaport Success
Fee, and (b) the Conway Success Fee.

## Reservation of Rights

26.     Entry of this Bidding Procedures Order shall not constitute a waiver of the
rights of any party to object to the sale of Purchased Assets in accordance with the objection
procedures set forth in the Notice of Auction and Sale Hearing.  All such objection rights, and
the Debtors' rights to respond to any Sale objections, are hereby expressly reserved.

27.     Notwithstanding anything to the contrary herein, nothing in this Order
shall be deemed to amend, modify, limit, impair or change the rights and obligations of the
Debtors and the Senior Prepetition and DIP Agents, the Senior Prepetition Lenders, and the DIP

Lenders under the Senior Prepetition Credit Agreement, the DIP Financing Agreement, the order authorizing the Debtors to enter into the DIP Financing Agreement, on an interim basis [Docket No. 71], or any other order of this Court approving the DIP Financing Agreement or authorizing the Debtors to perform under the DIP Financing Agreement.

### Other Provisions

28.    Except as otherwise provided herein, and subject to the right, if any, of the Credit Bidding Parties to Credit Bid and the classification of any such Credit Bid as a Qualified Bid and a Credit Bidding Party as a Qualified Bidder for all purposes, the Debtors (in consultation with the Senior Prepetition and DIP Agents and the Committee as further set forth herein) reserve the right as they may determine in the reasonable exercise of their business judgment to be in the best interests of their estates, to:  (i) determine which bidders are Potential Bidders or Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest or best proposal and which is the next highest or best proposal; (iv) with the consent of the Committee, reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (v) remove some of the Purchased Assets from the Auction; (vi) waive terms and conditions set forth herein and in the Bid Procedures with respect to all Potential Bidders; (vii) with the consent of the Committee, impose additional terms and conditions with respect to all Potential Bidders; (viii) extend the deadlines set forth herein; (ix) with the consent of the Committee, adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (x) modify the Bidding Procedures as the Debtors may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice.

29.    For the avoidance of doubt, and notwithstanding anything to the contrary in this Bidding Procedure Order, no provision of this Bidding Procedures Order authorizes, or shall be deemed to authorize, the Debtors to sell property that they do not own or that does not constitute "property of the estate" within the meaning of Section 541 of the Bankruptcy Code, and the rights of all parties in interest, including, but not limited to, Global Recycling & Demolition, LLC, Oxbow Carbon & Minerals LLC, Balli Group PLC, Balli Steel PLC, Credit Europe Bank, KM Crane, LLC, Kinder Morgan Operating LP "C", Kinder Morgan Bulk Terminals, Inc., Pinney Dock & Transport LLC, EMR Holdings (USA) LLC and Affiliates and Smith Export Terminal, Inc., Banque Cantonale Vaudoise, Vanomet International AG, Sparrows Point Scrap Processing, LLC, DeLage Landen Financial Services, Inc., and Fritz Enterprises, Inc. to assert that any particular property in the possession of the Debtors or otherwise does not constitute "property of the estate" within the meaning of section 541 of the Bankruptcy Code are expressly preserved hereby.

30.    In the event of any conflict or inconsistency between this Order and the Bidding Procedures, the Bidding Procedures shall control.

31.    The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and Bidding Procedures Order shall be effective immediately upon its entry.

32.    This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: June 21, 2012
       Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE