IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
WP Steel Venture LLC, et al.,[1]                   :    Case No. 12-11661 (KJC)
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :    Re: D.I. 14, 67 & 433
---------------------------------------------------------x

### ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND BANKRUPTCY RULE 6003, AUTHORIZING AND APPROVING (I) DEBTORS' DESIGNATION OF DONALD S. MACKENZIE AS CHIEF RESTRUCTURING OFFICER, AND (II) RETENTION AND EMPLOYMENT OF CONWAY MACKENZIE MANAGEMENT SERVICES, LLC *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application (the "**Application**")[2] of the debtors and debtors-in-possession in the above-captioned cases (the "**Debtors**") for entry of an order (the "**Order**"), pursuant to sections 105(a) and 363(b) authorizing and approving (i) the designation of Donald S. MacKenzie as Chief Restructuring Officer to the Debtors *nunc pro tunc* to the Petition Date, (ii) the employment and retention of Conway MacKenzie Management Services, LLC ("**CMS**") to provide restructuring management and advisory services *nunc pro tunc* to the Petition Date, and (iii) the provision of additional professional personnel by CMS; and upon the Caruso Declaration; and upon the MacKenzie Declaration, which is annexed to the Application as Exhibit A; and the Court being satisfied that CMS represents no interest adverse to the Debtors' estates, that apart from the employment of Donald S. MacKenzie as Chief Restructuring Officer to the Debtors that CMS is a "disinterested person" within the meaning of section 101(14) of the

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses:(i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927). The Debtors' executive headquarters are located at 1430 Sparrows Point Boulevard, Sparrows Point, MD 21219.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

Bankruptcy Code and that the employment of CMS is necessary and in the best interests of the Debtors and their estates; and the Court having jurisdiction over the Application pursuant to 28 U.S.C. §157(b)(2)(A); and due and sufficient notice of the Application having been given; and it appearing that no other or further notice need be provided; and this Court having determined that the relief requested in the Application is just and proper; and it appearing that the relief requested by the Application is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor:

1. The Application is GRANTED.

2. The Debtors are hereby authorized to retain and employ Mr. Donald MacKenzie as Chief Restructuring Officer to the Debtors and CMS to provide restructuring management and advisory services *nunc pro tunc* to the Petition Date.

3. The Debtors are hereby authorized to employ additional professional personnel from CMS on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Application or the Engagement Letter to the contrary:

a. CMS and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

b. In the event the Debtors seek to have CMS personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement,

CMS shall disclose such additional positions and/or material changes in function or scope in its monthly staffing report.

c. No later than the twentieth (20th) day of each month, CMS shall file with the Court with copies to the United States Trustee ("**U.S. Trustee**") and the Official Committee of Unsecured Creditors (the "**Committee**") a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed by the U.S. Trustee or the Committee within fifteen (15) days after such staffing report is filed and served in accordance with this paragraph. In the event an objection is timely filed by either the U.S. Trustee or the Committee and such objection cannot be resolved, the matter shall be scheduled for a hearing before this Court at a time convenient for the parties, subject to this Court's availability.

d. No principal, employee or independent contractor of CMS and its affiliates shall serve as a director of any of the Debtors during the pendency of the above-captioned cases.

e. On September 1, 2012, and on the first day of every third month thereafter, CMS shall file with the Court, and provide notice to the U.S. Trustee and the Committee reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. All compensation shall be subject to review by the Court in the event an objection is filed by the U.S. Trustee or the Committee within fifteen (15) days after such compensation report is filed and served in accordance with this paragraph. In the event an

objection is timely filed by either the U.S. Trustee or the Committee and such objection cannot be resolved, the matter shall be scheduled for a hearing before this Court at a time convenient for the parties, subject to this Court's availability.

      f.      Success fees, transaction fees, or other back-end fees (including the Incentive Fee) shall be approved by the Court at the conclusion of the case on a reasonableness standard provided in section 330 of the Bankruptcy Code and are not being pre-approved by entry of this Order. CMS shall file with the Court an application seeking approval of the Incentive Fee. For the avoidance of doubt, the U.S. Trustee and the Committee shall have the right to object to the payment of the Incentive Fee based on the reasonableness standard provided in section 330 of the Bankruptcy Code. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

      g.      The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

      h.      There shall be no other indemnification of CMS or its affiliates.

      i.      For a period of three years after the conclusion of the engagement, neither CMS nor any of its affiliates shall make any investments in the Debtors or any reorganized Debtors.

      j.      CMS shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or

represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

4. Notwithstanding the possible application of the Bankruptcy Rules including Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: July 3, 2012
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE