IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re                                            :    Chapter 11
                                                 :
WP Steel Venture LLC, et al.,[1]                 :    Case No. 12-11661(KJC)
                                                 :
                    Debtors.                     :    (Jointly Administered)
------------------------------------------------------x    D.I. 612

**ORDER APPOINTING FEE EXAMINER AND ESTABLISHING RELATED
PROCEDURES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR PROFESSIONALS AND CONSIDERATION OF FEE APPLICATIONS**

The Court having entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 287] (the "**Interim Compensation Order**")[2]; and the Court having determined that the size and complexity of these cases will result in numerous and lengthy written applications for payment of professional fees and reimbursement of expenses; and it appearing that the appointment of a fee examiner pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 706 of the Federal Rules of Evidence and Rule 2016-2(i) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") and the procedures of this Court is in the best interests of the Debtors' estates, their creditors, and all parties in interest; and it further appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927). The Debtors' executive headquarters' address is 1430 Sparrows Point Boulevard, Sparrows Point, MD 21219.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

to 28 U.S.C. § 157(b)(2); and the Debtors and the Official Committee of Unsecured Creditors (the "**Committee**") having conferred and reached agreement with respect to this Order; and the Court having determined that sufficient cause exists to appoint a fee examiner;

**IT IS HEREBY ORDERED THAT**:

1. Direct Fee Review LLC is appointed and shall be employed as the Fee Examiner in these cases subject to the terms and conditions of the Fee Examiner Retention Agreement (the "**Retention Agreement**"), a copy of which is attached hereto as Exhibit 1.

2. Unless otherwise ordered by the Court, this Order shall apply to all professionals in these chapter 11 cases requesting compensation and/or reimbursement of expenses for services rendered pursuant to Bankruptcy Code sections 327, 330, 331 or 1103 the Bankruptcy Code except; (i) all members of any official committee (the "**Committee Members**") appointed in these cases; and (ii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court; (iii) fees earned by professionals that represent a percentage of a specified transaction; (iv) any professional in these cases employed or to be employed pursuant to section 363 of the Bankruptcy Code, specifically including Conway MacKenzie Management Services, LLC; and (v) ordinary course professionals employed by the Debtors in accordance with Order Authorizing Debtors to Employ and Compensate Professional Utilized in the Ordinary Course of Business Pursuant to Bankruptcy Code Sections 105(a), 327, 328, 330 and 363 [Docket No. 289] (the "**OCP Order**");[3] provided, however, that to the extent the fees and expenses of any professional employed pursuant to the OCP Order exceed the compensation cap set forth therein, such fees

---

[3] To the extent any professionals employed pursuant to the OCP Order are required to file formal fee applications pursuant to the terms thereof with this Court, the fees and expenses of such professional set forth in such formal application shall be reviewed by the Fee Examiner as set forth herein.

2

and expenses shall be reviewed by the Fee Examiner as set forth herein; or (d) as otherwise ordered by the Court.

3. The Court has determined that, in conjunction with the appointment of the Fee Examiner, it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of the Applicants (defined below) to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.[4]

4. The terms and conditions of the Interim Compensation Order shall not be modified by this Order, except that: no later than three (3) business days after the filing of each Monthly Fee Application, each Interim Fee Application and each final fee application (a "**Final Fee Application**," and collectively, an "**Application**" or "**Applications**"), the professional filing that Application (the "**Applicant**") shall send to the Fee Examiner via electronic mail to djr.wjd@gmail.com the Application, including the fee detail containing the time entries and the expense detail (the "**Fee Detail**") in Adobe Acrobat (a "**PDF File**") format and searchable electronic format (such as Ledes, Excel, Microsoft Word or WordPerfect, but not a PDF File). An Applicant need not send to the Fee Examiner the electronic-formatted Fee Detail for an Interim Fee Application if such Applicant has previously submitted all such electronic-formatted Fee Detail relevant to such Interim Fee Application to the Fee Examiner, whether in conjunction with the relevant Monthly Fee Application or otherwise. If any Applicant cannot reasonably convert its Fee Detail to one of the electronic formats described above, the Fee Examiner will work with such Applicant to find an appropriate electronic format.

5. The Fee Examiner shall:

---

[4] Such applicable rules and guidelines include the Local Rules and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330, effective January 30, 1996 (the "**Guidelines**").

(a) review Monthly Fee Applications, Interim Fee Applications and Final Fee Applications filed by each Applicant in these chapter 11 cases, along with the Fee Detail related thereto. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing Final Fee Applications comprised of Interim Fee Applications that have already been reviewed by the Fee Examiner;

(b) during the course of its review of an Application, consult, as it deems appropriate, with each Applicant concerning such Application;

(c) during the course of its review of an Application, review, to the extent appropriate, any relevant documents filed in these chapter 11 cases to be generally familiar with these chapter 11 cases and the dockets;[5]

(d) within twenty (20) days after an Applicant files an Interim Fee Application or Final Fee Application, serve an initial report (the "**Initial Report**") on the Applicant designed to quantify and present factual data relevant to whether the requested fees, disbursements and expenses meet the application standards of Bankruptcy Code § 330 and Local Rule 2016-2;

(e) within fifteen (15) days after service of the Initial Report, engage in written communications with each Applicant, the objective of which is to resolve matters raised in the Initial Report and endeavor to reach consensual resolution with each Applicant with respect to that Applicant's requested fees and expenses. The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report. Each Applicant may provide the Fee Examiner with written supplemental information that the Applicant believes is relevant to the Initial Report;

(f) following communications between the Fee Examiner and the Applicant, and the Fee Examiner's review of any supplemental information provided by such Applicant in response to the Initial Report, conclude the resolution period by filing with the Court a report with respect to each Application (the "**Final Report**"), within twenty (20) days after the service of the Initial Report, subject to paragraph 6(ii) below. The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Applicant meet

---

[5] The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these chapter 11 cases pursuant to Bankruptcy Rule 2002, and the Fee Examiner shall be served with all such papers.

the applicable standards of Bankruptcy Code § 330 and Local Rule 2016-2. The Final Report shall also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for each Applicant and the basis for such proposed consensual resolution; and

(g) serve each Final Report on counsel for the Debtors, counsel for the Committee, the United State Trustee for the District of Delaware (the "**U.S. Trustee**") and each Applicant whose fees and expenses are addressed in the Final Report.

6. An Applicant subject to a Final Report may (i) file with the Court a response (a "**Final Response**") to such Final Report no later than 20 days after the Fee Examiner's service of a Final Report and request a ruling with respect to any fees and/or expenses to which an objection was made (the "**Incremental Amount**") at the next interim fee hearing or the final fee hearing or, in the alternative, (ii) defer filing the Final Response and request a ruling at any subsequent fee hearing, so as to allow continuing discussions with the Fee Examiner. Any Final Response shall be served upon those parties served with the Final Report and the Fee Examiner.

7. The Fee Examiner, the Applicants and the Debtors shall use best efforts to have the undisputed portion of Applications allowed by the Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

8. No Interim Fee Application or Final Fee Application shall be considered by the Court prior to review by the Fee Examiner and the submission to the Court of a Final Report specific to such Application, unless the Fee Examiner has expressly stated that such hearing should go forward without the Final Report being filed. If applicable, hearings on the Applications shall be scheduled by the Court in consultation with the Debtors' counsel after the filing of the applicable Final Reports by the Fee Examiner.

9. Any of the periods set forth above may be extended with the consent of the Fee Examiner, the applicable Applicant and the Debtors' counsel. Should an Applicant fail to meet one or more of the deadlines set forth herein for the review of an Application, and in the reasonable discretion of the Fee Examiner, the Applicant's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing date. Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Applicants.

10. The Fee Examiner shall be available for deposition and cross-examination by the Debtors, the Committee and the U.S. Trustee and other interested parties, consistent with Rule 706 of the Federal Rules of Evidence.

11. The fees and expenses of the Fee Examiner shall be subject to application and review pursuant to Bankruptcy Code § 330 and shall be paid from the Debtors' estates as an administrative expense under Bankruptcy Code § 503(b)(2). The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged at the ordinarily hourly rate of the Fee Examiner for services of this nature and shall not include any contingency or success fees. The Fee Examiner's expenses shall be subject to the information detail requirements set forth in Local Rule 2016-2(e).

12. Counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules, on (i) the U.S. Trustee; (ii) counsel for the Committee; and (iii) each Professional, other than ordinary course professionals, employed by the Debtors or the Committee in these cases pursuant to Bankruptcy Code § 327.

13. This Order does not limit the statutory rights and obligations of parties-in-interest in these cases, including, but not limited to, the rights of parties-in-interest to object to Monthly Fee Applications, Interim Fee Application Requests, and/or Final Fee Applications. Nothing herein shall affect the exemptions and waivers granted to, and the standard of review with respect to the retention of, parties in the professional retention orders previously entered by this Court, nor any party's right to request a waiver of the requirements of Local Rule 2016-2 or the Guidelines, to the extent they apply; nor shall any part of this Order be interpreted or construed so as to prejudice the rights of any Applicant to submit an Application for reimbursement of any fees and expenses incurred as a result of the defense of an Fee Application (or to impair any defense thereto), which shall be adjudicated in accordance with applicable law.

14. To the extent that there may be any inconsistency between the terms of the Retention Agreement and this Order, the terms of this Order shall govern.

15. The Debtors and the Fee Examiner are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order and the Retention Agreement. Notwithstanding any provisions of this Order to the contrary, the Court shall retain the ultimate authority to determine whether fees and expenses requested are necessary and reasonable under Bankruptcy Code § 330.

Dated: July 18, 2012
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE