Exhibit "D"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WP Steel Venture LLC, <u>et al.</u>,[1] | Case No. 12-11661 (KJC) |
| Debtors. | (Jointly Administered) |
| RG Steel Sparrows Point, LLC, Debtor in Possession, | |
| Plaintiff, | Adv. No.: See Exhibit "1" |
| v. | |
| Defendants Listed on Exhibit "1" attached hereto, | |
| RG Steel Warren, LLC, Debtor in Possession, | |
| Plaintiff, | Adv. No.: See Exhibit "1" |
| v. | |
| Defendants Listed on Exhibit "1" attached hereto, | |
| RG Steel Wheeling, LLC, Debtor in Possession, | |
| Plaintiff, | Adv. No.: See Exhibit "1" |
| v. | |
| Defendants Listed on Exhibit "1" attached hereto. | RE: D.I. _____ |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS WITH TOTAL IN CONTROVERSEY LESS THAN OR EQUAL TO $75,000.00 BROUGHT BY RG STEEL SPARROWS POINT, LLC, DEBTOR IN POSSESSION, RG STEEL WARREN, LLC, DEBTOR IN POSSESSION AND RG STEEL WHEELING, LLC, DEBTOR IN POSSESSION PURSUANT TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

Upon the procedures motion (the "<u>Procedures Motion</u>")[2] dated February 13, 2013, of RG

Steel Sparrows Point, LLC, Debtor in Possession, RG Steel Warren, LLC, Debtor in Possession,

and RG Steel Wheeling, LLC, Debtor in Possession, (the "<u>Plaintiffs</u>"), by and through their

<ins style="border:1px solid">**Field Code Changed**</ins>

---

1  If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses:
  (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC
  (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273);
  and (viii) RG Steel Wheeling Steel Group, LLC (9927).  The Debtors' executive address is 1430 Sparrows Point Boulevard,
  Sparrows Point, MD 21219.
2  Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

<ins style="border:1px solid">**Formatted:** Left</ins>

undersigned counsel, for entry of a procedures order (the "Procedures Order") pursuant to

sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules

7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

establishing streamlined procedures governing all adversary proceedings with a total amount in

controversy less than or equal to $75,000.00 brought by Plaintiffs under sections 502, 547, 548

and 550 of the Bankruptcy Code, which are identified in Exhibit "1" annexed hereto (each an

"Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction

to consider and determine the Procedures Motion as a core proceeding in accordance with 28

U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all

parties were permitted to present their arguments and contentions; and it appearing that the relief

requested by the Procedures Motion is necessary and in the best interests of the parties; and due

notice of the Procedures Motion having been provided; and it appearing that no other or further

notice of the Procedures Motion need be provided; and sufficient cause appearing therefor, it is

hereby:

      **ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects; and it

is further

      **ORDERED**, the procedures governing all parties to the Avoidance Actions are as

follows:

**A.**     **Effectiveness of the Procedures Order**

      1.     This Procedures Order approving the Procedures Motion shall apply to all
defendants in the Avoidance Actions.[3]

---

[3] This Procedures Order pertains only to the Avoidance Actions identified in Exhibit "1" annexed hereto. Additional avoidance actions filed by the Plaintiffs related to the underlying bankruptcy cases, after entry of the Proposed Procedures Order, and which have a total amount in controversy less than or equal to $75,000.00, shall be subject to the same conditions stated herein. The parties will file, under certification of counsel, a scheduling order which conforms to the same format but which contains extended deadlines as necessary

> Formatted: Indent: First line: 0"

> Formatted: Left

**B.    Extensions to Answer or File Other Responsive Pleading to the Complaint**

2.    The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C.    Waiver of Requirement to Conduct Scheduling Conference**

3.    Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**D.    Discovery and Mediation Schedule**

4.    Any open Avoidance Actions that have not been resolved and/or settled by June 1, 2013 (the "Remaining Avoidance Actions"), shall be referred to mediation.

5.    Between June 1, 2013 and June 15, 2013, defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") qualified to handle these types of Avoidance Actions and are listed on the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 (the "Mediator List"), attached to the Procedures Motion as Exhibit "F." Concurrently, defendants in the Remaining Avoidance Actions shall notify Plaintiffs' counsel of the defendant's choice of Mediator by contacting Plaintiffs' counsel's paralegal, Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com** or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121, with copy to Plaintiffs' counsel, Gary D. Underdahl, Esq. at gunderdahl@askllp.com. If a defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiffs' counsel of the same, Plaintiffs will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

6.    On June 17, 2013, Plaintiffs, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiffs the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiffs' counsel shall contact e-mail defendant or defendant's counsel with a list of proposed dates for mediation provided by the mediator. Mediation will then be scheduled on a first-come, first-served basis.

7.    Plaintiffs will give at least 21 14 days written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be filed on the docket of such proceeding.

Formatted: Left

8.  Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

9.  All mediations of the Remaining Avoidance Actions must be concluded by December 1, 2013.

10. Any open Avoidance Actions that have not been resolved and/or settled by December 1, 2013 shall be required to provide the disclosures required under Rule 7026(a)(1) (the "Initial Disclosures") on or before December 15, 2013.

11. The parties to the Avoidance Actions shall have through and including April 1, 2014 to complete non-expert fact discovery, including depositions of fact witnesses.

12. All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after December 15~~1~~, 2013. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than February 28, 2014.

13. The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.

14. The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, <u>including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information,</u> shall apply to the Avoidance Actions.

<u>15.</u> The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.

~~15.~~<u>16.</u> <u>Should a discovery dispute arise, the complainant shall</u>~~should~~ <u>send a letter outlining said issues to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits,</u>~~Documents shall~~<u>ould</u> <u>be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.</u>

~~16.~~<u>17.</u> Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' case-in-chief experts, if any, shall be made to the adverse party on or before April 1, 2014.

~~17.~~<u>18.</u> Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, if any, shall be made to the adverse party on or before May 1, 2014.

~~18.~~<u>19.</u> All expert discovery, including expert witness depositions, shall be concluded on or before June 1, 2014.

Formatted: Left

19.    All remaining fact and expert discovery must be completed, and discovery will close, on July 1, 2014.

22.The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

22.20.

**E.    Mediation Procedures and Requirements**

21.    Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation, The Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

22.    The Mediators shall be required to file disclosures prior to the scheduling of mediation.

23.    The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution.  At least one *counsel for each party and a representative of each party having full settlement authority* shall attend the mediation in person *except* that, a Mediator, in his or her discretion, *by request of one of the parties,* may allow a party representative to appear telephonically or by videoconferencing while its counsel appears in person.  The requesting party shall be responsible for the arrangements and cost of the conference call, and/or videoconference.  Should a party representative appear by telephone, counsel appearing in person for that party shall have full settlement authority.

24.    The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply.  Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

25.    The Mediator, in the Mediation Notice (by language provided to Plaintiffs by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal.  In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction.  The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

26.    Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment being obtained against the defendant or dismissal of the action. The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in the Procedures Order.

27.    The fees of the Mediator shall be ~~shared equally by the parties on a per case basis~~paid by the Plaintiffs. The Mediator's fees shall be fixed at $3,000.00~~1,500.00 per party,~~ per case. The Plaintiffs shall pay $750.00 of the Mediator's fee at least 7 calendar days before the commencement of mediation (the "Pre-Mediation Fee"). The remaining fee will be paid by Plaintiffs on the date of mediation, should the mediation go forward. If the parties settle prior to mediation, the mediator must be informed of the settlement prior to 7 calendar days before the scheduled mediation, or the Pre-Mediation Fee is non-refundable.

[Formatted: Bullets and Numbering]

28.    Mediation that is continued for more than one calendar day will be continued on an hourly fee basis at the rate of $500.00 per ~~hour~~hour to be paid by the Plaintiffs. ~~to be paid equally between the Plaintiffs and Defendant.~~

29.    Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time.

30.    ~~The full fees of the Mediator shall be paid by any party that cancels or fails to appear at mediation unless the party notifies the Mediator of the cancellation by facsimile or email no less than 7 calendar days prior to the scheduled mediation date or unless a party demonstrates good cause for failure to timely cancel or attend mediation. For example, if mediation is to be held on a Friday, a party must notify the Mediator by the Friday before the scheduled mediation of the cancellation.~~

[Formatted: Indent: Left: 0.5", Hanging: 0.5", No bullets or numbering]

~~Each party shall pay its portion~~The Plaintiffs shall pay one-fourth of the Mediator's fee at least 7 calendar days before the commencement of mediation. ~~If a defendant fails to timely pay a bill for a Mediator's fees, Plaintiff shall pay the bill and may recover such sum as part of a default judgment.~~

[Formatted: Indent: Left: 0.5", Hanging: 0.5"]

31.    ~~If the parties settle prior to mediation, the mediator must be informed of the settlement prior to 7 calendar days before the scheduled mediation, or said mediation fees outlined in paragraph 30 are non-refundable.~~

~~32.~~30. Mediation statements are due 7 calendar days prior to the mediation to the Mediator. The Mediator will direct the parties as to further instructions regarding the distribution parties of the mediation statements.

~~33.~~31. Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c)

[Formatted: Left]

Case 12-11661-KJC    Doc 2746-1    Filed 03/18/13    Page 8 of 21

any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such defendants by the Mediator's law firm.

34.32. The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, a Mediator may be called as witness by any party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order.

35.33. All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence.


F.    **Avoidance Actions Omnibus Hearings**

36.34. After the initial pretrial held on April 23.11, 2013, all matters concerning any Avoidance Actions shall be heard only at an omnibus hearing before the Honorable Allan L. GropperKevin J. Carey (collectively, the "Avoidance Actions Omnibus Hearings"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any. The first Avoidance Actions Omnibus Hearing shall be held on April 23.11, 2013 at 10:30 a.p.m. Thereafter, Avoidance Actions Omnibus Hearings shall be scheduled at the convenience of the Court.

37.35. Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed the defendant to appear and Plaintiff has provided 5 days prior written notice by email, facsimile transmission or overnight courier to the defendant or its counsel of its need to appear at an Avoidance Actions Omnibus Hearing. To the extent a defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, the defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 5 days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

Formatted: Left

SECOND REDLINE 3.18.13                    8

38.36.  All motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

39.37.  Plaintiff shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

40.38.  If, after all discovery has been completed in an Avoidance Action and mediation has concluded but was not successful, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish dispositive motion deadlines, a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

G.    **Miscellaneous**

41.39.  The Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

42.40.  The deadlines contained in the Procedures Order may be extended by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation need not be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____
Wilmington, Delaware


                              _____
                              HONORABLE KEVIN J CAREY
                              UNITED STATES BANKRUPTCY JUDGE


Formatted: Left

Exhibit "1"

**Debtor: Sparrows Point, LLC, Debtor in Possession**

| Defendant Name | Adversary Number |
|---|---|
| A. C. Schultes of Maryland, Inc. | 13-50004 |
| Ace Environmental Services, LLC | 13-50025 |
| Acme Industrial, Inc. | 13-50032 |
| Aerotek, Inc. | 13-50049 |
| ~~Aetna Freight Lines, Inc.~~ | ~~13-50052~~ |
| ~~Airmatic, Inc.~~ | ~~13-50062~~ |
| ~~Ajax Tocco Magnethermic Corporation~~ | ~~13-50792~~ |
| Alabama Copper Bronze Co., Inc. dba Alabama Copper & Bronze Company | 13-50016 |
| Aleris Specialty Products, Inc. dba Granular Aluminum Products | 13-50114 |
| Alfa Laval, Inc. dba Alfa Laval Thermal, Inc. | 13-50020 |
| Allor Manufacturing, Inc. | 13-50034 |
| ~~API Heat Transfer, Inc.~~ | ~~13-50065~~ |
| Aras Company, Inc. | 13-50073 |
| ARM Group, Inc. | 13-50079 |
| Atlantic Track & Turnout Co. | 13-50280 |
| Back River Transport | 13-50095 |
| Berenato & White, LLC fka Berenato, White & Stavish, LLC | 13-50794 |
| BFPE International, Inc. | 13-50009 |
| Big Boy's Rigging Service, Inc. | 13-50112 |
| Biologic International | 13-50124 |
| Blair Logistics, LLC | 13-50128 |
| ~~Broner Metals Solutions~~ | ~~13-50143~~ |
| Buddy Moore Trucking, Inc.. | 13-50796 |
| C. H. Reed Inc. | 13-50035 |
| ~~Capp, Inc.~~ | ~~13-50023~~ |
| Carlstan Machining, Inc. | 13-50024 |
| Central Maintenance Corp. | 13-50026 |
| Chadderton Trucking, Inc. | 13-50029 |
| Clean Venture, Inc. | 13-50013 |
| Cockey's Enterprises, Inc. | 13-50039 |
| Consolidated Cargo Carriers, Inc. | 13-50041 |
| ~~CVL Technical Sales, Inc.~~ | ~~13-50054~~ |
| D. Pierce Transportation, Inc. | 13-50805 |
| ~~Diesel Supply Company, Inc.~~ | ~~13-50055~~ |
| Diversified Chemical Technologies, Inc. | 13-50057 |
| ~~D-S Pipe & Steel Supply, LLC fdba D.S. Steel Supply, LLC~~ | ~~13-50277~~ |

Comment [LU1]: Moved to Exhibit "2" to Order "E" per counsel's request.

| | |
|---|---|
| Dueco, Inc. | 13-50066 |
| Earlbeck Corporation | 13-50233 |
| Ease Painting & Construction, Inc. | 13-50030 |
| Eastern Automation Service, LLC | 13-50069 |
| ~~Envirite of Pennsylvania, Inc.~~ | ~~13-50060~~ |
| ~~FDRsafety LLC~~ | ~~13-50235~~ |
| Filnor, Inc. | 13-50236 |
| Filter Tech, Inc. | 13-50067 |
| Garrod Hydraulics, Inc. | 13-50091 |
| GE Energy and Industrial Services, Inc. | 13-50100 |
| GeGa Corp. | 13-50237 |
| Gray Transport, Inc. | 13-50126 |
| Hanco, Ltd. | 13-50812 |
| Harris Camden Terminal Equipment Inc. | 13-50141 |
| Hastec Engineering, Inc. dba Hastec Turbolube Systems, Inc. | 13-50038 |
| Hunter Lift, Ltd. | 13-50063 |
| Innovative Practical Approach, Inc. | 13-50242 |
| Integrated Power Services, LLC | 13-50076 |
| J Cunius & Associates Ltd | 13-50133 |
| J. Gibson McIlvain Company | 13-50136 |
| J. P. Donmoyer, Inc. | 13-50142 |
| JMA Rail Products Co. | 13-50244 |
| ~~Jobe & Company, Inc.~~ | ~~13-50245~~ |
| Keystone Insulator - Cleaner, Inc. | 13-50169 |
| Lacy Foundries, LLC | 13-50171 |
| Lee Supply Company, Inc. | 13-50074 |
| Lester Fellows Co. | 13-50077 |
| Lincoln Manufacturing, Inc. | 13-50082 |
| L-S Industries, Inc. | 13-50246 |
| Lyons Industries, Inc. | 13-50086 |
| M.G. McLaren, P.C. dba McLaren Engineering Group | 13-50826 |
| M.S.S.I., Inc. dba M.S.S.I. Refractory | 13-50116 |
| MacPherson Engineering, Inc. dba MacPherson & Company | 13-50087 |
| Markovitz Enterprises, Inc. dba Quality Rolls Inc. | 13-50256 |
| Maxim Crane Works, L.P. | 13-50094 |
| Metalworking Lubricants Company | 13-50097 |
| Mickelson & Company, LLC | 13-50832 |
| Morgantown Machine & Hydraulics of Ohio, Inc. and Swanson Industries, Inc. | 13-50284 |

| | |
|---|---|
| MPPA, Inc. | 13-50250 |
| National Filter Media Corporation | 13-50251 |
| NCM Demolition and Remediation, LP fka Marcor Remediation, Inc. | 13-50248 |
| Norfolk Southern Railway Company | 13-50278 |
| Northeast Industrial Bolting and Torque, LLC | 13-50093 |
| Oakes Foundry, Inc. | 13-50785 |
| OCE Imagistics, Inc. aka OCE Corporate Printing | 13-50115 |
| Oracle Corporation dba Oracle USA, Inc. | 13-50253 |
| Paul Wurth, Inc. | 13-50835 |
| Peg Hopkins, Inc. dba PHI Environmental Consulting | 13-50804 |
| Pennzoil-Quaker State Company dba Sopus Products and Shell Oil Company and PPC Lubricants, Inc. | 13-50262 |
| Phelps Industrial Products, Inc. | 13-50152 |
| Philip R. Walker & Associates, Inc. | 13-50043 |
| Phoenix Process Equipment Co. | 13-50154 |
| Praxair Distribution Mid-Atlantic, LLC dba GTS-Welco | 13-50130 |
| Proconex Inc. | 13-50161 |
| Protrade Steel Company, Ltd. | 13-50806 |
| Regenergy, Inc. | 13-50156 |
| Reuning-McKim, Inc. | 13-50159 |
| Ritter Technology, LLC | 13-50172 |
| RMS Omega Technologies Group, Inc. | 13-50175 |
| Robinson Fans, Inc. | 13-50259 |
| RWI,Inc. dba RWI Industrial | 13-50176 |
| Safety-Kleen Systems, Inc. dba Safety-Kleen Corporation | 13-50177 |
| Shafer, Troxell & Howe, Inc. dba STH, Inc. | 13-50193 |
| Siemens Water Technologies Corp. | 13-50822 |
| SOS Service, Inc. | 13-50182 |
| Southern Design & Mechanical, Inc. | 13-50184 |
| Sparrows Point Marine Services, LLC | 13-50185 |
| Spectro Analytical Instruments, Inc. | 13-50186 |
| Spraying Systems Co. | 13-50824 |
| Steel & Machinery Transportation, Inc. | 13-50263 |
| Sunair Incorporated dba Sunair Co. | 13-50264 |
| Swanson Industries, Inc. | 13-50195 |
| Technical Weighing Services, Inc. | 13-50198 |
| Terrapin Recycling, LLC | 13-50200 |
| The Nelson Company | 13-50120 |
| The Nock and Son Company | 13-50125 |

| | |
|---|---|
| The Overhead Door Company of Balitmore, Incorporated | 13-50135 |
| The Rowland Company | 13-50260 |
| Thermal Transfer Corporation | 13-50202 |
| Thermatex Sales Corporation aka Thermatex Corporation | 13-50267 |
| ~~Thermo EGS Gauging, Inc.~~ | ~~13-50203~~ |
| Titan Technologies International, Inc. | 13-50205 |
| Trade Risk Group, LLC | 13-50207 |
| Transply, Inc. | 13-50206 |
| Tri-State Transfer & Salvage, Inc. | 13-50208 |
| Ultra-Pak, Inc. | 13-50269 |
| Union Electric Steel Corporation and The Davy Roll Company, Ltd. | 13-50282 |
| Univar USA, Inc. | 13-50807 |
| Upwind Enterprises, LLC dba Spot-A-Pot | 13-50187 |
| ~~URS Energy & Construction, Inc. fka Washington Group International~~ | ~~13-50219~~ |
| Veitsch-Radex America, Inc. dba BNS/Veitsch-Radex America, Inc. | 13-50132 |
| Wesco Distribution, Inc. | 13-50831 |
| Whiting Services, Inc. | 13-50288 |
| Wolff Associates, Inc. | 13-50223 |
| YRC Inc. dba Roadway Express | 13-50228 |
| ZENMAR Pneumatic Tools, Inc. dba ZENMAR Power Tool and Hoist Systems | 13-50229 |
| Zimmerman Truck Lines, Inc. | 13-50230 |

**Debtor: Warren, LLC, Debtors in Possession**

| Defendant Name | Adversary Number |
|---|---|
| Air Equipment Rental Corp. | 13-50347 |
| Alabama Copper Bronze Co., Inc. dba Alabama Copper & Bronze Co., Inc. | 13-50349 |
| ~~Albco Sales, Inc. dba Albco Foundry & Machine Co. Inc.~~ | ~~13-50351~~ |
| All Aerials, L.L.C. | 13-50744 |
| Allen Systems Group, Inc. | 13-50355 |
| Armormax Refractories, Inc. | 13-50310 |
| ASKO, Inc. | 13-50748 |
| Automation Software & Engineering, Inc. | 13-50365 |
| AVI Foodsystems, Inc. | 13-50367 |
| AWL Transport, Inc. | 13-50369 |
| Brad Foote Gear Works, Inc. | 13-50376 |
| Buckeye Pumps, Inc. | 13-50312 |
| ~~Castruction Company, Inc.~~ | ~~13-50313~~ |
| City Machine Technologies, Inc. | 13-50380 |
| Cleveland Pump Repair & Services, LLC | 13-50381 |
| Compu-Fix, Inc. | 13-50382 |
| Comtech Constructors, Inc. | 13-50315 |
| Corrosion Fluid Products Corp. | 13-50739 |
| ~~CRST Malone, Inc. dba Malone Freight Lines, Inc.~~ | ~~13-50428~~ |
| Custom Stack Analysis, LLC | 13-50316 |
| Dover Hydraulics, Inc. | 13-50391 |
| Dresser-Rand Group Inc. dba Dresser-Rand Company | 13-50393 |
| Enviroserve J. V., LP | 13-50396 |
| ~~Exochem Corporation~~ | ~~13-50397~~ |
| Extrel CMS, LLC | 13-50399 |
| Federal Roll, LLC | 13-50400 |
| ~~Fives North American Combustion, Inc.~~ | ~~13-50405~~ |
| Galaxie Industrial Services LLC | 13-50319 |
| Galletta Engineering Corporation | 13-50320 |
| GE Energy and Industrial Services, Inc.; and General Electric International, Inc. dba GE Energy | 13-50412 |
| General Supply & Services, Inc. dba GEXPRO | 13-50751 |
| George Kelk Corporation | 13-50750 |
| Gilson Engineering Sales, Inc. dba GILCO | 13-50413 |

**Comment [LU2]:** Moved to Exhibit "2" to Order "E" per counsel's request.

| | |
|---|---|
| Hanco, Ltd. | 13-50754 |
| Howden North America, Inc. | 13-50416 |
| International Freight Systems Inc. | 13-50418 |
| InterTECH Security, LLC | 13-50419 |
| J & J Equipment, LLC | 13-50420 |
| Joseph A. Carl dba J & L Commercial Service | 13-50421 |
| JSK Service, Inc. fka Pennsylvania Electric Motor Service, Inc. | 13-50446 |
| Jules Savard Inc. | 13-50422 |
| Kemira Water Solutions, Inc. | 13-50423 |
| Keystone Insulator - Cleaner, Inc. | 13-50757 |
| Kroff Chemical Company, Inc. | 13-50758 |
| ~~Logility, Inc.~~ | ~~13-50425~~ |
| M B Industrial Equipment Corporation | 13-50431 |
| Mercer Co. | 13-50325 |
| Midwest Engineering & Automation, Inc. | 13-50434 |
| Midwest Instrument Company, Inc. | 13-50435 |
| Miller Yount Paving, Inc. | 13-50326 |
| ~~Minerais U.S. LLC~~ | ~~13-50359~~ |
| Monarch Electric Service Company | 13-50436 |
| Mono Ceramics, Inc. | 13-50763 |
| Moore Wallace North America, Inc. | 13-50437 |
| ~~Nalco Company~~ | ~~13-50784~~ |
| ~~National Electrical Carbon Products, Inc.~~ | ~~13-50438~~ |
| Nightwine Valves & Actuation, LLC | 13-50441 |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | 13-50442 |
| Ohio Steel Sheet and Plate, Inc. | 13-50444 |
| OMI Refractories, LLC dba Bisco Refractories | 13-50373 |
| ~~Otis Elevator Company~~ | ~~13-50764~~ |
| ~~P.C. Campana, Inc.~~ | ~~13-50766~~ |
| Pack Equipment Sales, LLC | 13-50328 |
| Pollock Research and Design, Inc. dba Simmers Crane Design & Services Company | 13-50462 |
| Precision Analytical, Inc. | 13-50448 |
| Precision Environmental International Inc. | 13-50449 |
| ~~Protrade Steel Company, Ltd.~~ | ~~13-50786~~ |
| QSEM Solutions, Inc. | 13-50450 |
| R.J. Corman Derailment Services, LLC | 13-50455 |
| ~~Radiametrics Technologies, Inc.~~ | ~~13-50330~~ |
| Rapid United Steel Haulers, Inc. | 13-50331 |

**Comment [LU3]:** Moved to Exhibit "2" to Order "E" per counsel's request.

**Comment [LU4]:** Moved to Exhibit "2" to Order "E" per counsel's request.

**Comment [LU5]:** Moved to Exhibit "2" to Order "E" per counsel's request.

**Comment [LU6]:** Moved to Exhibit "1" to Order "D" per counsel's request.

| | |
|---|---|
| Recycling and Treatment Technologies, LLC | 13-50451 |
| Red Wing Shoes Ohio | 13-50452 |
| Reese Tool & Supply Company | 13-50453 |
| Riverside Building & Construction Company dba Cooling Tower Service | 13-50383 |
| Sagar Enterprises, Inc. | 13-50767 |
| Shaker Auto Lease, Inc. | 13-50461 |
| Siemens Water Technologies Corp. | 13-50769 |
| SNC-Lavalin America, Inc. | 13-50335 |
| Snow Shoe Refractories, LLC | 13-50464 |
| Spraying Systems Co. | 13-50770 |
| Tenova Core Inc. | 13-50467 |
| Transport Sales and Service | 13-50472 |
| Traxys North America, LLC | 13-50741 |
| United Refractories, Inc. | 13-50474 |
| Valves Inc. | 13-50337 |
| Vermiculite Industrial Corp. | 13-50475 |
| ~~W.W. Grainger, Inc. dba Grainger~~ | ~~13-50414~~ |
| Western Reserve Water Systems, Inc. | 13-50479 |
| Xtek, Inc. | 13-50789 |
| Youngstown Pipe & Supply, LLC | 13-50480 |

**Debtor: Wheeling, LLC, Debtor in Possession**

| Defendant | Adversary Number |
| --- | --- |
| ABB, Inc. | 13-50571 |
| ~~Ajax Tocco Magnethermic Corporation~~ | ~~13-50580~~ |
| All Erection & Crane Rental Corp. | 13-50584 |
| Allegheny Petroleum Products Co. | 13-50532 |
| Amendola Engineering, Inc. | 13-50587 |
| American Express Company | 13-50588 |
| ASKO, Inc. | 13-50590 |
| Atlas Bolt and Screw Company, Inc. | 13-50591 |
| Behlen Mfg. Co. | 13-50534 |
| Belmont Petroleum Corporation | 13-50564 |
| Blackie & Sons Excavating & Paving | 13-50603 |
| Blumenthal Sheet Metal Company | 13-50570 |
| Bobby D. Bailey dba Bailey Enterprises | 13-50595 |
| Buddy Moore Trucking, Inc. | 13-50606 |
| Bulk Chemicals, Inc. | 13-50608 |
| C & K Industrial Services, Inc. | 13-50567 |
| CBUCK, Inc. | 13-50612 |
| Central Missouri Reload, Inc. | 13-50536 |
| Chemical Solvents, Inc. | 13-50618 |
| Chicago Refurbishment Company | 13-50620 |
| Christofano Associates, LLC | 13-50566 |
| Clark Hill, PLC | 13-50629 |
| Clayton Engineering Company | 13-50633 |
| Computer Task Group, Incorporated | 13-50638 |
| Continental Design & Management Group, Inc. | 13-50641 |
| Cordeck Sales, Inc. dba Cordeck | 13-50538 |
| Corrosion Fluid Products Corp. | 13-50644 |
| Creative Visions Multi Media Services, LLC dba Creative Visions | 13-50649 |
| CSX Transportation, Inc. | 13-50653 |
| D&E Transport, Inc. | 13-50597 |
| D. Pierce Transportation, Inc. | 13-50598 |
| DWT Logistics, LLC | 13-50657 |
| Eastman Transportation Company dba Eastman Logistics | 13-50610 |

| | |
|---|---|
| Electric Power Systems, Inc. | 13-50615 |
| Electro Power Systems of Utah dba EPSU, Inc. | 13-50621 |
| Enviromark, LLC | 13-50568 |
| Epic Metals Corporation | 13-50617 |
| Equipment & Controls, Inc. dba Industrial Controls & Equipment | 13-50616 |
| Exele Information Systems, Inc. | 13-50623 |
| Fabrication Specialties, Inc. | 13-50625 |
| Filtech, Inc. | 13-50632 |
| FM Approvals, LLC | 13-50635 |
| Frey Lumber Company, Inc. | 13-50637 |
| G. W. Becker, Inc. | 13-50705 |
| General Electric International, Inc. | 13-50540 |
| General Supply & Services, Inc. dba GEXPRO | 13-50646 |
| Genesis Corporation dba World Radio Telecommunications | 13-50561 |
| George Kelk Corporation | 13-50639 |
| Greatwide Dallas Mavis, LLC | 13-50702 |
| GRETO Corporation | 13-50570 |
| Guild International, Inc. | 13-50704 |
| Hanco, Ltd. | 13-50707 |
| Hanlon, Estadt, McCormick & Schramm Co., LPA | 13-50706 |
| Harold G. Jones Co. | 13-50709 |
| Herman Rossi & Sons, Inc. | 13-50543 |
| Howard Transportation, Inc. | 13-50600 |
| Howden North America, Inc. and Air-Flow Technologies, Inc. | 13-50713 |
| Industrial Maintenance Welding & Machining Company, Inc. | 13-50573 |
| Industrial Roll Co. Inc. | 13-50619 |
| Konecranes, Inc. | 13-50626 |
| Kroff Chemical Company, Inc. | 13-50575 |
| L.J.G., Inc. dba Onsite Innovations, Inc. | 13-50669 |
| Leveltek Processing L.L.C. | 13-50544 |
| Litco Automation, Inc. | 13-50628 |
| Loadmaster, Inc. dba Loadmaster Supply Inc. | 13-50576 |
| Lowry Computer Products, Inc. | 13-50630 |
| Ludington Trucking, Inc. | 13-50545 |
| M.C. Tank Transport, Inc. | 13-50546 |
| Marriott International, Inc. dba Marriott Business Services | 13-50634 |
| ~~Mawson & Mawson, Inc.~~ | ~~13-50640~~ |
| Medima LLC | 13-50643 |
| Mercer Transportation Co., Inc. | 13-50777 |

**Comment [LU7]:** Moved to Exhibit "2" to Order "E" per counsel's request.

| | |
|---|---|
| Morgantown Machine & Hydraulics of West Virginia, Inc. | 13-50547 |
| ~~MSM Sheetmetal and Steel Fabrication, Inc. dba MSM Sheet Metal~~ | ~~13-50656~~ |
| N. F. Mansuetto & Sons, Inc. | 13-50548 |
| Narcat, LLC | 13-50659 |
| National Kwikmetal Service, L.P. | 13-50583 |
| Norfolk Southern Corporation | 13-50660 |
| Northern Panhandle Pipe & Supply, Inc. | 13-50662 |
| Oakes Foundry, Inc. | 13-50663 |
| Officemax Incorporated | 13-50666 |
| OFIC North America, Inc. fka Tallant Industries, Inc. | 13-50557 |
| Ohio Transport Corporation | 13-50667 |
| Ohio Valley Scale & Equipment Corporation | 13-50549 |
| P & C Industrial, Inc. dba P&C Industrial Sales & Service | 13-50674 |
| ~~Pace Analytical Services, Inc.~~ | ~~13-50671~~ |
| Palmetto Business Park, LP | 13-50672 |
| Peg Hopkins, Inc. dba PHI Environmental Consulting | 13-50551 |
| Pennwest Industrial Trucks, LLC | 13-50631 |
| Pitt Industrial Diamond Products, Inc. | 13-50645 |
| Polycycle Industrial Products, Inc. | 13-50592 |
| Praxair Distribution, Inc. dba Praxair Distribution, Inc. - Gas Tech | 13-50651 |
| ~~Premier Safety & Service, Inc.~~ | ~~13-50658~~ |
| Prothious, Inc. dba Prothious Engineering Services | 13-50552 |
| PVS Chloralkali, Inc. | 13-50661 |
| R & L Trucking, LLC | 13-50607 |
| R T Patterson Company Incorporated | 13-50668 |
| Rice Electric Company | 13-50664 |
| Sagar Enterprises, Inc. | 13-50670 |
| Sarus, Inc. | 13-50675 |
| Sealing Specialists and Service Company | 13-50554 |
| Shippers Supply Company, Inc. | 13-50679 |
| SPS, LLC aka Strategic Products and Services, LLC | 13-50594 |
| Steel Equipment Specialists, Inc. dba SES, LLC | 13-50677 |
| Syr-Tech Perforation Co. dba Syr-Tech | 13-50555 |
| Tennessee Steel Haulers, Inc. | 13-50685 |
| The Garvey Corporation dba M-7 Technologies | 13-50578 |
| The McGraw-Hill Companies, Inc. dba McGraw-Hill Construction | 13-50642 |
| The Pannier Corporation dba Pannier Corp. | 13-50550 |
| The Voto Manufacturers Sales Company | 13-50680 |
| Triangle Fastener Corporation | 13-50692 |

| | |
|---|---|
| Tri-State Hydraulics, Inc. | 13-50691 |
| Twelfth Street Garage, Inc. | 13-50693 |
| Underwriters Laboratories, Inc. | 13-50694 |
| Union Electric Steel Corporation | 13-50676 |
| Univar USA, Inc. | 13-50558 |
| Value Added Processing, Inc. | 13-50602 |
| Wallace Company, Inc. | 13-50682 |
| ~~Weavertown Environmental Group, Inc.~~ | ~~13-50560~~ |
| Wesco Distribution, Inc. | 13-50690 |
| ~~West View Cunningham Co., Inc.~~ | ~~13-50687~~ |
| Wheeling Rubber Products, Inc. | 13-50698 |