# Exhibit "E"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WP Steel Venture LLC, et al.,[1] | Case No. 12-11661 (KJC) |
| Debtors. | (Jointly Administered) |
| RG Steel Sparrows Point, LLC, Debtor in Possession, | |
| Plaintiff, | Adv. No.: See Exhibit "2" |
| v. | |
| Defendants Listed on Exhibit "2" attached hereto. | |
| RG Steel Warren, LLC, Debtor in Possession, | |
| Plaintiff, | Adv. No.: See Exhibit "2" |
| v. | |
| Defendants Listed on Exhibit "2" attached hereto. | |
| RG Steel Wheeling, LLC, Debtor in Possession, | |
| Plaintiff, | Adv. No.: See Exhibit "2" |
| v. | |
| Defendants Listed on Exhibit "2" attached hereto. | RE: D.I. _____ |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS WITH TOTAL IN CONTROVERSY GREATER THAN
$75,000.00 BROUGHT BY RG STEEL SPARROWS POINT, LLC, DEBTOR IN
POSSESSION, RG STEEL WARREN, LLC, DEBTOR IN POSSESSION AND RG
STEEL WHEELING, LLC, DEBTOR IN POSSESSION PURSUANT TO
SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

Upon the procedures motion (the "Procedures Motion")[2] dated February 13, 2013, of RG

Steel Sparrows Point, LLC, Debtor in Possession, RG Steel Warren, LLC, Debtor in Possession,

──────────────────

1  If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses:
(i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad
Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG
Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927).  The Debtors' executive
address is 1430 Sparrows Point Boulevard, Sparrows Point, MD 21219.

and RG Steel Wheeling, LLC, Debtor in Possession, (the "Plaintiffs"), by and through their undersigned counsel, for entry of a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing streamlined procedures governing all adversary proceedings with total amount in controversy greater than $75,000.00 brought by Plaintiffs under sections 502, 547, 548 and 550 of the Bankruptcy Code, which are identified in Exhibit "2," annexed hereto (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Procedures Motion be, and hereby is, granted in all respects; and it is further

ORDERED, the procedures governing all parties to the Avoidance Actions are as follows:

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

Formatted: Left

SECOND REDLINED 3.18.13                3

**A.    Effectiveness of the Procedures Order**

1.    This Procedures Order approving the Procedures Motion shall apply to all defendants in the Avoidance Actions.[3]

**B.    Extensions to Answer or File Other Responsive Pleading to the Complaint**

2.    The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C.    Waiver of Requirement to Conduct Scheduling Conference**

3.    Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**D.    Discovery and Mediation Schedule**

4.    In accordance with Bankruptcy Rule 7026(a)(1), the disclosures required under such Rule (the "Initial Disclosures") shall be made by the later of 30 days after: (1) the date an answer to a complaint is filed in an Avoidance Action or (2) the Procedures Order is entered on the docket of this Court.

5.    The parties to the Avoidance Actions shall have through and including December 15, 2013 to complete non-expert fact discovery, including depositions of fact witnesses.

6.    Except as set forth herein, aAll written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures. the Procedures Order is entered on the docket of this Court. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than October 15, 2013.

7.    The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions. Responses to interrogatories are due 60 days after service.

---

[3] This Procedures Order pertains only to the Avoidance Actions identified in Exhibit "2" annexed hereto. Additional avoidance actions filed by the Plaintiffs related to the underlying bankruptcy cases, after entry of the Proposed Procedures Order, and which have a total amount in controversy greater than $75,000.00, shall be subject to the same conditions stated herein. The parties will file, under certification of counsel, a scheduling order which conforms to the same format but which contains extended deadlines as necessary

**Formatted:** Left

8.     The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information, shall apply to the Avoidance Actions. Document production and responses to document requests are due 60 days after service.

9.     The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions. Responses to requests for admission are due 60 days after service.

9.10.  Should a discovery dispute arise, the complainant shallould send a letter outlining said issues to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, Documents shallould be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

10.11.  Any open Avoidance Actions that have not been resolved and/or settled by October 15, 2013 (the "Remaining Avoidance Actions"), shall be referred to mediation.  Upon mutual agreement of the parties to any Avoidance Action, mediation may be conducted prior to October 15, 2013.

11.12.  Between October 16, 2013 and October 31, 2013, defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") qualified to handle these types of Avoidance Actions and are listed on the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 (the "Mediator List"), attached to the Procedures Motion as Exhibit "F." Concurrently, defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the defendant's choice of Mediator by contacting Plaintiff's counsel's paralegal, Laurie N. Miskowiec, in writing, via email at lmiskowiec@askllp.com or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121, with copy to Plaintiff's counsel, Gary D. Underdahl, Esq. at gunderdahl@askllp.com. If a defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiffs will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

12.13.  On November 1, 2013, Plaintiffs, working with the Mediators, will commence scheduling mediations.  Each Mediator will provide to Plaintiffs the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations.  Plaintiffs' counsel shall contacte-mail defendant or defendant's counsel with a list of proposed dates for mediation provided by the mediator. Mediation will then be scheduled on a first-come, first-served basis.

Formatted: Left

13.14. Plaintiffs will give at least 21~14 days written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be filed on the docket of such proceeding.

14.15. Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

15.16. All mediations of the Remaining Avoidance Actions must be concluded by June 15, 2014.

16.17. Should mediation fail to resolve a Remaining Avoidance Action, Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' case-in-chief experts, if any, shall be made to the adverse party within 30 days after the Mediator's Report is filed.

17.18. Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, if any, shall be made to the adverse party within 60 days after the Mediator's Report is filed.

18.19. All expert discovery, including expert witness depositions, shall be concluded the earlier of 120 days after the Mediator's Report is filed or on October 15, 2014. within 90 days after the Mediator's Report is filed.

19.  All remaining fact and expert discovery must be completed, and discovery will close, the earlier of 120 days after the Mediator's Report is filed or on October 15, 2014.

> **Formatted:** Indent: Left: 1", No bullets or numbering

20.  The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

**E.  Mediation Procedures and Requirements**

21.  Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. The Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

> **Field Code Changed**

21.22. The Mediators shall be required to file disclosures prior to the scheduling of mediation.

22.23. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith

> **Formatted:** Left

and with a view toward reaching a consensual resolution. At least *one counsel for each party and a representative of each party having full settlement authority* shall attend the mediation in person *except* that, a Mediator, in his or her discretion, may allow a party representative to appear telephonically,.

23.24. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

24.25. The Mediator, in the Mediation Notice (by language provided to Plaintiffs by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

25.26. Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment being obtained against the defendant or dismissal of the action. The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in the Procedures Order.

26.27. The fees of the Mediator shall be shared equally by the partiespaid by the Plaintiffs on a per case basis. The Mediator's fees shall be fixed as follows:

   (a)   cases with a claim amount (as reflected in the complaint) of less than $250,000: $1,5003,000.00 per party, per case;

   (b)   cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $42,000 per party, per case; and

   (c)   cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $63,000 per party, per case.

28.   The Plaintiffs shall pay one-fourth of the Mediator's fee at least 7 calendar days before the commencement of mediation (the "Pre-Mediation Fee"). If the parties settle prior to mediation, the mediator must be informed of the settlement prior to 7 calendar days before the scheduled mediation, or the Pre-Mediation Fee is non-refundable.

27.29. Mediation that is continued for more than one calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by the Plaintiffs.equally between the Plaintiffs and Defendant.

28.30. Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time. The Mediator's fees will be based upon the combined total claim amount for all related Avoidance Actions.

29. ~~The full fees of the Mediator shall be paid by any party that cancels or fails to appear at mediation unless the party notifies the Mediator of the cancellation by facsimile or email no less than 7 calendar days prior to the scheduled mediation date or unless a party demonstrates good cause for failure to timely cancel or attend mediation. For example, if mediation is to be held on a Friday, a party must notify the Mediator by the Friday before the scheduled mediation of the cancellation.~~

~~Each party~~The Plaintiffs shall pay ~~its one-fourth portion of~~ the Mediator's fee at least 7 calendar days before the commencement of mediation. ~~If a defendant fails to timely pay a bill for a Mediator's fees, Plaintiff shall pay the bill and may recover such sum as part of a default judgment.~~

~~If the parties settle prior to mediation, the mediator must be informed of the settlement prior to 7 calendar days before the scheduled mediation, or said mediation fees outlined in paragraph 31 are non-refundable.~~

30.31. Mediation statements are due 7 calendar days prior to the mediation to the Mediator. The Mediator will direct the parties as to further instructions regarding the distribution parties of the mediation statements.

31.32. Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such defendants by the Mediator's law firm.

32.33. The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, a Mediator may be called as witness by any party and may be compelled to testify and/or answer

discovery on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order.

33.34. All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence.

F.    **Avoidance Actions Omnibus Hearings**

34.35. After the initial pretrial held on April 23.11, 2013, all matters concerning any Avoidance Actions shall be heard only at an omnibus hearing before the Honorable Kevin J. Carey (collectively, the "<u>Avoidance Actions Omnibus Hearings</u>"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any. The first Avoidance Actions Omnibus Hearing shall be held on April 23.11, 2013 at 10:30 <u>a</u>p. m. Thereafter, Avoidance Actions Omnibus Hearings shall be scheduled at the convenience of the Court.

35.36. Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed the defendant to appear and Plaintiff has provided 5 days prior written notice by email, facsimile transmission or overnight courier to the defendant or its counsel of its need to appear at an Avoidance Actions Omnibus Hearing. To the extent a defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, the defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 5 days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

36.37. All motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

37.38. Plaintiff shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

38.39. If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish dispositive motion deadlines, a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

Formatted: Left

**G.**  **Miscellaneous**

39.40.  The Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

40.41.  The deadlines contained in the Procedures Order may be extended by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation need not be filed with the Court; and it is further

**ORDERED,** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____

Wilmington, Delaware

_____

HONORABLE KEVIN J CAREY

UNITED STATES BANKRUPTCY JUDGE

Formatted: Left

Exhibit "2"

**Debtor: Sparrows Point, LLC, Debtor in Possession**

| Defendant | Adversary Number |
|---|---|
| A. B. Filicko, Inc. | 13-50019 |
| A.S. & L. Industrial Services, Inc. dba Adey Sanchez & Lewis | 13-50017 |
| A2Z Environmental Group, LLC | 13-50291 |
| Affival, Inc. | 13-50791 |
| Airline Hydraulics Corporation | 13-50273 |
| AJF, Inc. | 13-50081 |
| Akers National Roll Company dba Vertical Seal Company | 13-50217 |
| Alcan Primary Products Company LLC dba Alcan Ingot Products Corp. | 13-50006 |
| Alliance Engineering, Inc. | 13-50028 |
| Allied Mineral Products, Inc. | 13-50014 |
| Alloys & Coke Co., Inc. | 13-50793 |
| AMEPA America, Inc. | 13-50007 |
| Anthracite Industries, Inc. | 13-50059 |
| Applied Industrial Technologies, Inc. | 13-50795 |
| Arm Enertech Associates, LLC fka Ener-Tech Associates, Inc. | 13-50056 |
| Asgco Mfg., Inc. | 13-50083 |
| ASI System Integration, Inc. | 13-50088 |
| Associated Steel Company, Inc. dba North American Steel Company | 13-50252 |
| Auston Contracting, Inc. | 13-50008 |
| B & T Express, Inc. | 13-50018 |
| Baltimore Gas and Electric Company | 13-50274 |
| Baltimore Scrap Corp. | 13-50099 |
| Berg Recycling Contractors, Inc. dba Berg Recycling, Inc. | 13-50107 |
| Boyd Bros. Transportation Inc. | 13-50010 |
| Branch Group, Inc. dba Rexel Branch Electrical | 13-50162 |
| Brenntag Northeast, Inc. | 13-50139 |
| BSP, Inc. | 13-50147 |
| Builders Transportation Co., LLC | 13-50801 |
| Burch Materials Company, Inc. | 13-50021 |
| BWI Sparrows Point, LLC | 13-50022 |
| Carbide Industries LLC | 13-50011 |
| Carmeuse Lime, Inc. | 13-50797 |
| Cellco Partnership dba Verizon Wireless | 13-50275 |
| Chemtreat, Inc. | 13-50033 |
| Chesapeake Specialty Products, Inc. | 13-50012 |
| Chrome Deposit Corporation | 13-50798 |

| | |
|---|---|
| Clark Machine Corporation | 13-50037 |
| Consolidated Scrap Resources, Inc. | 13-50276 |
| Coordinators, Inc. | 13-50045 |
| CPSI IT Consulting & Staffing | 13-50800 |
| Crown Security System, Inc. | 13-50231 |
| CRST Logistics, Inc. dba CRST Flatbed, Inc. | 13-50047 |
| CSL International, Inc. | 13-50050 |
| CSX Transportation, Inc. | 13-50778 |
| CVL Technical Sales, Inc. | 13-50051 |
| Diversco, Inc. dba Diversco Integrated Services | 13-50061 |
| Dongbu Metal USA Inc. | 13-50802 |
| Echelon Service Company | 13-50036 |
| ESM II LP | 13-50808 |
| Fitzgerald Salvage and Recycling, Inc. dba Fitzgerald Auto Salvage | 13-50075 |
| GE Betz, Inc. | 13-50096 |
| Geiger Pump and Equipment Company | 13-50102 |
| Gill-Simpson, Inc. | 13-50105 |
| Golden Ocean Management AS | 13-50108 |
| Goodman Services, Inc. | 13-50238 |
| Gottlieb Inc. | 13-50810 |
| Graybar Electric Company, Inc. | 13-50118 |
| Graymont Dolime (OH) Inc. aka Graymont Capital, Inc. | 13-50239 |
| Grayson Mitchell, Inc. | 13-50121 |
| Great American Lines, Inc. | 13-50811 |
| H & K Equipment, Inc. dba H & K Equipment Co., Inc. | 13-50054 |
| Hampton Roads Testing Laboratories, Inc. | 13-50137 |
| Hanover Engineering Associates, Inc. | 13-50240 |
| Henkel Corporation dba Henkel Surface Technologies | 13-50044 |
| Heraeus Electro-Nite Co., LLC | 13-50046 |
| Houston Structures, Inc. | 13-50058 |
| Hydratec, Inc. | 13-50241 |
| Illinois Tool Works, Inc. dba ITW Metals Group | 13-50243 |
| Imperial Zinc Corp. | 13-50813 |
| Industrial Refrigeration Service, Inc. | 13-50070 |
| Industrial Services Contractors, Inc. | 13-50068 |
| Infor Global Solutions (Michigan), Inc. | 13-50814 |
| Innovative Alloy Services, LLC | 13-50071 |
| Insource Software Solutions, Inc. | 13-50815 |
| Ion Carbon & Minerals, LLC | 13-50127 |

**Comment [LU1]:** Moved to Exhibit "2" to Order "E" per counsel's request.

| | |
|---|---|
| ITR, Inc. | 13-50129 |
| J. P. Graham Transport, Inc. | 13-50144 |
| John S. Connor, Inc. | 13-50140 |
| KCI Technologies, Inc. | 13-50149 |
| Kenwal Steel Corp. | 13-50151 |
| Keystone Acquisition Company, Inc. dba Keystone Electric Co., Inc. | 13-50816 |
| Kinder Morgan Bulk Terminal, Inc. | 13-50818 |
| Krentzman Metals Corporation | 13-50803 |
| KT-Grant, Inc. | 13-50820 |
| Lafarge Building Materials, Inc. | 13-50072 |
| Liedtka Trucking, Inc. | 13-50078 |
| Loveman Steel Corporation | 13-50084 |
| Magneco/Metrel, Inc. | 13-50780 |
| Man Diesel & Turbo North America Inc. and Man Turbo, Inc. USA | 13-50247 |
| Mawson & Mawson, Inc. | 13-50823 |
| Medima LLC | 13-50828 |
| Metal Strategies, Inc. | 13-50830 |
| Metalico Aluminum Recovery, Inc. | 13-50098 |
| ~~Minerais U.S. LLC aka Minerais US, Inc.~~ | ~~13-50103~~ |
| Minteq International, Inc. | 13-50783 |
| M-Line, Inc. | 13-50104 |
| Mobile Dredging & Pumping Co. | 13-50249 |
| Mono Ceramics, Inc. | 13-50833 |
| Monumental Supply Company, Inc. | 13-50106 |
| Morris Iron & Steel Co. Inc. | 13-50109 |
| Motion Industries, Inc. | 13-50111 |
| ~~MSC Industrial Supply Co.~~ | ~~13-50113~~ |
| Nalco Company | 13-50119 |
| New Berry, Inc. dba Berry Metal Company | 13-50101 |
| ~~Nextera Energy Resources, LLC dba NextEra Energy~~ | ~~13-50123~~ |
| ~~Norfolk Southern Railway Company~~ | ~~13-50278~~ |
| North American Refractories Company | 13-50090 |
| Oak Mountain Industries, Inc. | 13-50110 |
| OCMET, Inc. | 13-50117 |
| ~~Odermath (USA) Inc.~~ | ~~13-50122~~ |
| Otis Elevator Company | 13-50834 |
| P & S Transportation, Inc. | 13-50164 |
| P. I. & I. Motor Express, Inc. | 13-50157 |
| P.C. Campana, Inc. | 13-50817 |

| | |
|---|---|
| Paving & Contracting, Etc. Inc. | 13-50254 |
| PCL (Shipping) Pte. Ltd. | 13-50289 |
| Pennsylvania Tool Sales & Service, Inc. | 13-50148 |
| Phoenix Services, LLC | 13-50155 |
| Plastech Services, Inc. | 13-50255 |
| Pollock Research & Design, Inc. dba Reading Crane and Engineering Company | 13-50146 |
| Praxair Surface Technologies, Inc. aka Praxair, Inc. | 13-50158 |
| Praxair, Inc. | 13-50819 |
| Premier Elkhorn Coal Company | 13-50160 |
| Procurement Specialty Group, Inc. | 13-50821 |
| Pug's Fuel Service, Inc. | 13-50165 |
| Pump & Power Equipment Corp. | 13-50166 |
| Quaker Chemical Corporation | 13-50167 |
| Quality Industrial Contracting, Inc. | 13-50168 |
| Quantum Corporate Funding, Ltd. and Rich Roofing, LLC | 13-50286 |
| Reagent Chemical & Research, Inc. | 13-50150 |
| Recycling and Treatment Technologies of Baltimore, LLC dba RTT of Baltimore LLC; and Recycling and Treatment Technologies, LLC dba RT of Baltimore LLC | 13-50287 |
| Refractory Materials International Inc. dba RMI Inc. | 13-50174 |
| Refractory Service Company, Inc. dba Refractory Services Corp. | 13-50153 |
| Riggs Distler & Company, Inc. | 13-50258 |
| Riverside Refractories, Inc. | 13-50173 |
| Scanlon Associates Industrial Contractors, LLC dba Scanlon Plant | 13-50178 |
| Severstal Dearborn, LLC dba Severstal North America | 13-50179 |
| Sexton & Peake, Incorporated | 13-50180 |
| Smith Services, Inc. | 13-50181 |
| Southern Insulation, Inc. | 13-50183 |
| ~~Stauffer Manufacturing Company dba Stauffer Glove & Safety~~ | ~~13-50189~~ |
| Steel Agents, Inc. | 13-50191 |
| Stevens Engineers & Constructors, Inc. fka Stevens Painton Corporation | 13-50190 |
| Stollberg, Inc. | 13-50825 |
| Swanson Group Ltd. | 13-50194 |
| T.E.A.M. Service Corporation of New York | 13-50266 |
| Team Industrial Services, Inc. | 13-50197 |
| The Davy Roll Company | 13-50201 |
| The Electric Motor Repair Company dba EMR | 13-50234 |
| The Kaplan Trucking Company | 13-50145 |

| | |
|---|---|
| The Owl Corporation and Owl Metals, Inc. | 13-50285 |
| Timken Industrial Services, LLC | 13-50279 |
| Titan Industrial Services, Inc. | 13-50204 |
| Transportation Alliance Bank, Inc. and AWL Logistics LLC | 13-50268 |
| Traxys North America, LLC | 13-50827 |
| Tri County Petroleum Inc. | 13-50209 |
| Tricomm Services Corporation | 13-50210 |
| Tryon Trucking, Inc. | 13-50211 |
| Tube City IMS, LLC | 13-50829 |
| Tube City IMS, LLC fka Tube City, LLC | 13-50788 |
| U.S. Transportation Services, Inc. | 13-50216 |
| UniFirst Corporation | 13-50213 |
| United Bulk Carriers International, Navegacao, Lda - Madeira | 13-50214 |
| United Crane Sales, Inc. fka United Crane & Rigging | 13-50270 |
| United Iron & Metal, LLC | 13-50271 |
| United Rentals, Inc. | 13-50281 |
| ~~URS Corporation~~ | ~~13-50215~~ |
| Vesuvius U S A Corporation | 13-50790 |
| Vulcan Construction Materials, LP | 13-50218 |
| Watco Mechanical Services, L.L.C. | 13-50220 |
| Weir Hazleton, Inc. | 13-50221 |
| Western Express, Inc. | 13-50222 |
| Woodings Industrial Corporation | 13-50224 |
| Xstrata Canada Corporation | 13-50225 |
| Xtek, Inc. | 13-50809 |
| Xylem Dewatering Solutions, Inc. fdba Godwin Pumps of America, Inc. | 13-50226 |
| York Building Products Co., Inc. | 13-50227 |

**Debtor: Warren, LLC, Debtors in Possession**

| Defendant | Adversary Number |
|---|---|
| Affival, Inc. | 13-50743 |
| Akers National Roll Company | 13-50341 |
| Alcon Mechanical, Inc. | 13-50353 |
| All Erection & Crane Rental Corp. | 13-50745 |
| Allied Mineral Technical Services, Inc. | 13-50357 |
| Alloys & Coke Co., Inc. | 13-50746 |
| American Chemical Technologies, Inc. | 13-50360 |
| ~~American Roll Group, LLC~~ | ~~13-50362~~ |
| Arcelormittal Warren, Inc. | 13-50747 |
| Automatic Recycling, Inc. | 13-50342 |
| Bearing Service Company of Pennsylvania | 13-50370 |
| Berry Metal Company | 13-50311 |
| BIMAC, Inc. | 13-50371 |
| Bognar and Company Incorporated | 13-50344 |
| Builders Transportation Co., LLC | 13-80781 |
| Carmeuse Lime, Inc. | 13-50738 |
| CCMA, LLC | 13-50352 |
| CCPI, Inc. dba Comat | 13-50378 |
| ~~CGB Enterprises, Inc. dba CGB Rail Transportation~~ | ~~13-50354~~ |
| CR Construction Company | 13-50384 |
| Crown Coal and Coke Company | 13-50386 |
| DCM DECOmetal GmbH | 13-50469 |
| Dominion Retail, Inc. | 13-50390 |
| Dongbu Metal USA Inc. | 13-50749 |
| Duke's Sanitary Service, Inc. | 13-50394 |
| E I Ceramics, LLC | 13-50317 |
| Exochem Corporation | 13-50397 |
| Exodus Industrial, LLC | 13-50398 |
| FCX Performance, Inc. | 13-50318 |
| Felman Trading, Inc. | 13-50401 |
| Ferragon Corporation dba Ferrous Metal Processing Co. | 13-50356 |
| Fuchs Lubricants Co. | 13-50411 |
| Gottlieb Inc. | 13-50752 |
| Great American Lines, Inc. | 13-50753 |
| Harsco Corporation; and Harsco Metals Americas, Inc. | 13-50368 |

**Comment [LU2]:** Moved to Exhibit "2" to Order "E" per counsel's request.

| | |
|---|---|
| Harsco Minerals PA, LLC; and Harsco Corporation | 13-50358 |
| Heraeus Electro-Nite Co., LLC | 13-50755 |
| Herman Strauss, Inc. dba Herman Strauss Industries | 13-50740 |
| HNR Transport, Inc. | 13-50415 |
| Imperial Zinc Corp. | 13-50756 |
| Interstate Shredding, LLC | 13-50322 |
| Krentzman Metals Corporation | 13-50782 |
| KT-Grant, Inc. | 13-50759 |
| Lafarge North America, Inc. | 13-50424 |
| LHAGS, Inc. dba Truck Electric Service, Inc. | 13-50473 |
| Lyden Oil Company | 13-50426 |
| Magneco/Metrel, Inc. | 13-50760 |
| Magnetech Industrial Services, Inc. | 13-50427 |
| Main Street Commodities, LLC | 13-50323 |
| Mazzella Lifting Technologies, Inc. | 13-50430 |
| McCarl's, Inc. | 13-50324 |
| Medima LLC | 13-50761 |
| Metalico Youngstown, Inc. | 13-50432 |
| Middough, Inc. | 13-50433 |
| Minteq International, Inc. | 13-50762 |
| Nalco Company | 13-50784 |
| Navarre Minerals Co. | 13-50439 |
| Neundorfer, Inc. | 13-50440 |
| Nick Strimbu, Inc. | 13-50327 |
| Niles Iron & Metal Company, LLC | 13-50361 |
| Ohio Edison Company | 13-50363 |
| Ohio Intra Express, Inc. | 13-50443 |
| Opta Minerals, Inc. dba Rossborough NW 5211 | 13-50456 |
| Otis Elevator Company | 13-50764 |
| P.C. Campana, Inc. | 13-50766 |
| P. I. & I. Motor Express, Inc. dba Pennsylvania, Indiana & Illinois Motor Express, Inc. | 13-50447 |
| Paul Wurth, Inc. | 13-50765 |
| Penn-Ohio Electrical Company dba Penn-Ohio Electrical Contractors | 13-50445 |
| PF Technologies, Inc. aka PF Environmental Technologies, Inc. | 13-50329 |
| Protrade Steel Company, Ltd. | 13-50786 |
| R & J Trucking, Inc. | 13-50332 |

**Comment [LU3]:** Moved to Exhibit "2" to Order "E" per counsel's request.

**Formatted:** Font: 12 pt

**Comment [LU4]:** Moved to Exhibit "2" to Order "E" per counsel's request.

**Comment [LU5]:** Moved to Exhibit "2" to Order "E" per counsel's request.

**Comment [LU6]:** Moved to Exhibit "1" to Order "D" per counsel's request.

| | |
|---|---|
| Rentwear, Inc. | 13-50454 |
| Resco Products, Inc. | 13-50364 |
| S.E.T., Inc. | 13-50460 |
| Samuel Steel Pickling Company | 13-50458 |
| ~~Samuel Strapping Systems, Inc.~~ | ~~13-50768~~ |
| Sandy's Tire Sales, Inc. | 13-50333 |
| Scrap Dynamics Corp. | 13-50459 |
| Shinagawa Advanced Materials Americas, Inc. dba SAM Americas, Inc. | 13-50457 |
| Siemens Industry, Inc. | 13-50366 |
| SMS Millcraft, LLC | 13-50787 |
| SMS Siemag LLC | 13-50463 |
| Stemco USA Inc. dba Ferrosource International Inc. | 13-50402 |
| Stevens Engineers & Constructors, Inc. | 13-50465 |
| Stollberg, Inc. | 13-50771 |
| TCH Industries, Inc. | 13-50466 |
| The Diamond Steel Construction Company - Youngstown | 13-50389 |
| The Interlake Steamship Company | 13-50417 |
| The Lenick Company | 13-50468 |
| The Trillium Corporation of Southwest Florida | 13-50336 |
| Transportation Alliance Bank, Inc. and AWL Transport, Inc. dba TLX | 13-50314 |
| Tri-State Hydraulics, Inc. | 13-50772 |
| Tube City IMS Corporation and Tube City IMS, LLC | 13-50742 |
| Vesuvius U S A Corporation | 13-50773 |
| Warren Fabricating Corporation | 13-50477 |
| Warren Water Pollution Control | 13-50476 |
| Western Reserve Mechanical, Inc. | 13-50338 |
| Youngstown Service Shop, Inc. | 13-50481 |

**Debtor: Wheeling, LLC, Debtor in Possession**

| Defendant | Adversary Number |
|---|---|
| AEP River Operations, LLC | 13-50577 |
| Agland Co-op, Inc. dba 1st Choice Energy | 13-50574 |
| AIM NationaLease dba AIM Leasing Company | 13-50579 |
| Akzo Nobel Coatings, Inc. dba Akzo Nobel Coatings (Columbus) | 13-50563 |
| All Aerials, L.L.C. | 13-50582 |
| Applied Industrial Technologies, Inc. | 13-50533 |
| Averitt Express, Inc. | 13-50593 |
| Belger Cartage Service, Inc. | 13-50601 |
| Blue Cross and Blue Shield of Michigan | 13-50604 |
| Border Energy Gas Services, Inc. fka Border Energy, Inc. | 13-50774 |
| Burns Industrial Equipment, Inc. | 13-50609 |
| California Steel Industries, Inc. | 13-50611 |
| Chemetall US, Inc. dba Chemetall Americas | 13-50614 |
| Chempower Ohio Precision Sheet Metal and Holiday Properties Acquisition Corp. | 13-50613 |
| Chesapeake Steel, Inc. | 13-50565 |
| Chrome Deposit Corporation | 13-50627 |
| Clear Span Construction Products LLC | 13-50775 |
| Columbia Gas of Pennsylvania, Inc. | 13-50537 |
| Companhia Siderurgica Nacional, LLC | 13-50636 |
| CRST Malone, Inc. | 13-50650 |
| De Lage Landen Financial Services, Inc. | 13-50539 |
| Design Assistance Construction Systems, Inc. dba DACS, Inc. | 13-50655 |
| Falpeg Capital, LLC dba Gooder-Henrichsen Company | 13-50700 |
| FirstEnergy Corp. dba Allegheny Power | 13-50585 |
| FirstEnergy Corp. dba Mon Power | 13-50581 |
| General Electric Company dba GE Energy | 13-50569 |
| Global One Transit, Inc. | 13-50697 |
| Halferty Metals Company, Inc. | 13-50542 |

| | |
|---|---|
| Hart Corporation | 13-50708 |
| Hatch Associates Consultants, Inc. | 13-50710 |
| Herman Strauss, Inc. | 13-50776 |
| Hone & Son Trucking Co. | 13-50711 |
| Houghton International, Inc. | 13-50712 |
| Kings Company, LLC dba Kings Co. | 13-50622 |
| KMA Manufacturing, Inc. | 13-50624 |
| Magnus International Group, Inc. and Recycling and Treatment Technologies, LLC | 13-50572 |
| ~~Mawson & Mawson, Inc.~~ | ~~13-50640~~ |
| Minerd & Sons, Inc. | 13-50647 |
| Mountaineer Gas Company | 13-50652 |
| ~~Northwoods Management, Inc. dba The Texas Development Company~~ | ~~13-50688~~ |
| P&S Transportation dba Grayson Mitchell, Inc. | 13-50541 |
| Pennsylvania Electric Coil, Ltd. | 13-50586 |
| PGT Trucking, Inc. | 13-50589 |
| Praxair, Inc. | 13-50654 |
| Ritchey Metals Company, Inc. | 13-50553 |
| ~~Samuel Strapping Systems, Inc.~~ | ~~13-50673~~ |
| SMS Millcraft, LLC | 13-50556 |
| Southern Air, Incorporated | 13-50681 |
| Superior Forge & Steel Corporation | 13-50683 |
| Teck Metals Ltd. | 13-50684 |
| The Valspar Corporation | 13-50599 |
| Total Equipment Company | 13-50689 |
| Tri State Office Equipment, Inc. dba Richardson Copy Concepts | 13-50665 |
| Triangle Gasoline Company of Butler | 13-50596 |
| Tube City IMS, LLC | 13-50779 |
| Union Pacific Railroad Company | 13-50678 |
| Universal Industrial Supply, Inc. | 13-50695 |
| Village of Mingo Junction | 13-50559 |
| Villares Corporation of America Inc. | 13-50605 |
| Warwood Armature Repair Company | 13-50686 |
| Weirton Technical Services, Inc. dba WTS, Inc. | 13-50701 |
| Wheeling & Lake Erie Railway Company | 13-50696 |
| Worldclass Processing Corp. | 13-50699 |
| Xerox Business Services, LLC dba Affiliated Computer Services | 13-50531 |
| Xtek, Inc. | 13-50562 |

**Comment [LU7]:** Moved to Exhibit "2" to Order "E" per counsel's request.

| Zaclon, LLC aka Zaclon, Inc. | 13-50703 |