IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| WP Steel Venture LLC, et al.,[1] | Case No. 12-11661 (KJC) |
| | Jointly Administered |
| Debtors. | |

**STIPULATION BETWEEN DEBTOR RG STEEL SPARROWS POINT, LLC, RG STEEL WARREN, LLC, AND AMG RESOURCES CORPORATION REGARDING (A) RELIEF FROM STAY TO PERMIT SETOFF OF MUTUAL LIABILITIES; AND (B) RELATED RELIEF**

WHEREAS, RG Steel Sparrows Point, LLC ("Sparrows Point") and RG Steel Warren, LLC ("Warren"), two of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") and AMG Resources Corporation ("AMG") desire to enter into this stipulation (the "Stipulation") in order to effectuate the terms of that certain Settlement Agreement dated as of April 16, 2013 among AMG and the Debtors (the "Settlement Agreement")[2] which will, *inter alia*, (i) permit AMG to exercise rights to setoff mutual debts by and between Sparrows Point, (ii) permit AMG, to satisfy, in full, proofs of claim numbers 1483, 1485, 1486, 1494 and 1495 timely filed by AMG, (iii) permit AMG to satisfy outstanding post-petition accounts receivables owed Sparrows Point in the amount of $159,000.00, (iv) permit AMG to satisfy outstanding pre-petition and post-petition accounts receivables owed Warren in

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) WP Steel Venture LLC (7095); (ii) Metal LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927). The Debtors' mailing address is located at PO Box 1847, Bel Air, MD 21014.

[2] Attached as Exhibit A.

the amount of $262,000.00, and (v) result in a release and covenant not to sue by the Debtors of any and all claims against AMG relating to pre or post-petition accounts receivable as well as other claims as more fully set forth in the Settlement Agreement; and

WHEREAS, on May 31, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, upon the Petition Date, the automatic stay arose pursuant to section 362 of the Bankruptcy Code, which stay may prohibit the application of outstanding pre-Petition Date amounts due from Sparrows Point to AMG against outstanding pre-Petition Date amounts due to Sparrows Point from AMG; and

WHEREAS, AMG was a customer of Sparrows Point and Warren; and

WHEREAS, the remaining reconciled balance of pre-petition accounts receivable due to Sparrows Point from AMG (the "Pre-Petition A/R") is $595,000.00; and

WHEREAS, AMG filed claim numbers 1483, 1485, 1486, 1494 and 1495 in the amounts of $96,640.00, $2,257,984.36, $2,257,984.36 (duplicate), $5,017,743.87 and $5,017,743.87 (duplicate), respectively; and

WHEREAS, the remaining reconciled balance of post-petition accounts receivable due to Sparrows Point from AMG (the "Post-Petition A/R") is $159,000.00; and

WHEREAS, the remaining reconciled balance of pre-petition and post-petition accounts receivable due to Warren from AMG (the "Warren A/R") is $262,000.00; and

WHEREAS, on October 19, 2012, the Court entered the Order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3) and 9019

authorizing the establishment of procedures to compromise and settle certain accounts receivable and offset certain customer claims relating thereto (D.I. 1404) (the "Settlement Procedures Order"); and

WHEREAS, decretal paragraph 3.c.(i) of the Settlement Procedures Order establishes a procedure for the approval of compromises in which the Debtors agree to reduce the amount to be collected on account of a customer's account receivable (due to the setoff of Credits or otherwise) by an amount that is equal to or greater than 25% of the face amount of such account receivable; and

WHEREAS, the provisions of the Stipulation satisfy the criteria set forth in decretal paragraph 3.c.(i) of the Settlement Procedures Order;

**NOW, THEREFORE, IT IS HEREBY AGREED BY AND BETWEEN THE UNDERSIGNED PARTIES, SUBJECT TO BANKRUPTCY COURT APPROVAL, THAT:**

1. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is hereby lifted to immediately allow AMG to effectuate a setoff under section 553 of the Bankruptcy Code and applicable law with respect to the claims asserted in proof of claim numbers 1483, 1485, 1486, 1494 and 1495 timely filed on behalf of AMG on September 24, 2012, true and correct copies of are attached hereto and incorporated herein as Exhibit B ("Proofs of Claim"); and

2. The Proofs of Claims are hereby allowed, and are hereby deemed setoff against the amount of $595,000.00 otherwise due from AMG to Sparrows Point on the Pre-Petition A/R; and

3. The Proofs of Claims are deemed withdrawn without further Order of Court after effectuating the setoff under the preceding paragraph of this Stipulation; and

DC:50976633.3

4.     AMG shall pay to Sparrows Point the remaining outstanding Post-Petition A/R in the amount of $159,000.00; and

5.     AMG shall pay to Warren the remaining Warren A/R in the amount of $262,000.00; and

6.     Upon payment of the foregoing amounts and as more fully set forth in the Settlement Agreement, all claims by any of the Debtors against AMG with respect to pre or post-petition accounts receivable and other claims shall be forever barred and released.

7.     The terms and conditions of the Order authorizing and approving the Settlement Agreement and Stipulation shall be immediately effective and enforceable upon its entry; and

8.     In the event of any conflict between the terms of the Settlement Agreement and the Stipulation, the terms of the Settlement Agreement shall control; and

9.     The requirement set forth in Rule 4001-1 of the Local Bankruptcy Rules for the District of Delaware that any motion or other request for relief from stay be accompanied by an affidavit and supporting exhibits containing the data set forth in Rule 4001-1(c) is hereby deemed satisfied by the contents of the contemporaneously filed notice and proof of claim, or otherwise waived; and

DC:50976633.3

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and the Order authorizing and approving this Stipulation.

Dated: April 16, 2013

| | |
|---|---|
| RG Steel Sparrows Point, LLC,<br>RG Steel Warren, LLC,<br>WP Steel Venture LLC<br>Metal Centers LLC<br>RG Steel, LLC<br>RG Steel Wheeling, LLC<br>RG Steel Radio Holdings, LLC<br>RG Steel Wheeling Steel Group, LLC<br>Debtors and Debtors-In-Possession<br><br>By: _____<br>Its: ATTORNEY<br>Title: Counsel for Debtors | AMG Resources Corporation<br><br><br><br><br><br><br><br><br>By: _____<br>Its: _____<br>Title: _____ |

DC:50976633.3

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and the Order authorizing and approving this Stipulation.

Dated: April___, 2013

| | |
|---|---|
| RG Steel Sparrows Point, LLC,<br>RG Steel Warren, LLC,<br>WP Steel Venture LLC<br>Metal Centers LLC<br>RG Steel, LLC<br>RG Steel Wheeling, LLC<br>RG Steel Radio Holdings, LLC<br>RG Steel Wheeling Steel Group, LLC<br>Debtors and Debtors-In-Possession | AMG Resources Corporation |
| By: _____<br>Its: _____<br>Title: _____ | By: _*signature*_<br>Its: _BRIAN COHEN_<br>Title: _CEO_ |

- 5 -