IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WP Steel Venture LLC, *et al.*,[1]<br><br>　　　　　　　　　Debtors.<br>―――――――――――――――<br>RG Steel Sparrows Point, LLC,<br>Debtor in Possession,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>Robinson Fans, Inc.,<br><br>　　　　　　　　　Defendant | Chapter 11<br><br>Case No. 12-11661 (KJC)<br>(Jointly Administered)<br><br><br>Adv. Pro. No. 13-50259 |

## ANSWER AND AFFIRMATIVE DEFENSES

Robinson Fans, Inc. ("Defendant"), for its Answer and Affirmative Defenses to the Complaint (the "Complaint") filed by RG Steel Sparrows Point, LLC ("Debtor"), Debtor in Possession (the "Plaintiff"), responds as follows:

### AS TO THE NATURE OF THE CASE

1.　　Defendant admits only those allegations in paragraph 1 of the Complaint that Plaintiff has commenced this proceeding against Defendant. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint as it relates to any other person other than Defendant, and denies each and every other allegation and inference contained in paragraph 1 of the Complaint

---

[1]　　The Debtors are (i) WP Steel Venture LLC; (ii) Metal Centers LLC; (iii) RG Steel, LLC; (iv) RG Steel Railroad Holding, LLC; (v) RG Steel Sparrows Point, LLC; (vi) RG Steel Warren, LLC; (vii) RG Steel Wheeling, LLC; and (viii) RG Steel Wheeling Steel Group, LLC.

including but not limited to any inference that any funds received by Defendant from the Debtor are recoverable preferential transfers and/or fraudulent conveyances.

2.   Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint or the legal effect of these proceedings and, therefore, denies those allegations.

## AS TO JURISDICTION AND VENUE

3.   Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.   As to the allegations contained in paragraph 4 of the Complaint, Defendant admits only that Sections 502, 547, 548 and 550 of Title 11 of the United States Code ("Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provide a basis for relief to trustees and debtors in possession under certain circumstances but deny each and every other allegation and inference of paragraph 4 of the Complaint including any inference that the Plaintiff is entitled to any relief against Defendant under Sections 502, 547, 548 and/or 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

5.   Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.   Defendant admits the allegations contained in paragraph 6 of the Complaint.

## AS TO THE PROCEDURAL BACKGROUND

7.   Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies those allegations.

8. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies those allegations.

## AS TO THE PARTIES

9. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the all other allegations contained in paragraph 9 of the Complaint and, therefore, denies those allegations.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint that describe the business of Defendant and Defendant's place of business and denies each and every other allegation contained in paragraph 10 of the Complaint.

## AS TO THE FACTUAL BACKGROUND

11. Defendant admits those allegations contained in paragraph 11 of the Complaint only to the extent it is alleged that Defendant and the Debtor, in the ordinary course of business, maintained a business relationship, and lacks knowledge or information at this time sufficient to form a belief as to the truth of all other allegations contained in paragraph 11 of the Complaint and, therefore, denies those other allegations.

12. Defendant admits those allegations contained in paragraph 12 of the Complaint only to the extent it is alleged that Defendant received payment from the Debtor for services provided by Defendant to the Debtor, and lacks knowledge or information at this time sufficient to form a belief as to the truth of all other allegations contained in paragraph 12 of the Complaint and, therefore, denies those allegations.

13. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore,

denies those allegations.

14. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies those allegations.

15. As to the allegations contained in paragraph 15 of the Complaint, Defendant admits to having one or more agreements with the Debtor but denies that Exhibit A to the Complaint is in all respects accurate or contains all of the details of each of the agreements between the Debtor and Defendant.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. As to the allegations contained in paragraph 17 of the Complaint, Defendant admits only to providing services to the Debtor and issuing invoices to the Debtor, but denies each and every other allegation and inference contained in paragraph 17 of the Complaint including but not limited to any inference that Exhibit A to the Complaint is in all respects accurate or contains the terms and conditions of the agreements between the Debtor and Defendant.

18. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies those allegations.

19. As to the allegations contained in paragraph 19 of the Complaint, Defendant admits only to receiving from the Debtor the total amount of $58,418.28, and denies each and every other allegation contained in paragraph 19 of the Complaint including any inference that Exhibit A to the Complaint is in all respects accurate.

20. Defendant lacks knowledge or information at this time sufficient to form a belief

as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies those allegations.

21. As to the allegations contained in paragraph 21 of the Complaint, Defendant admits only that the claims of Plaintiff are subject to defenses for which Defendant may have the burden of proof but denies each and every other allegation and inference contained in paragraph 21 of the Complaint.

## AS TO CLAIMS FOR RELIEF

## AS TO COUNT I

**(As to Avoidance of Preference Period Transfers-11 U.S.C. §547)**

22. Defendant admits, denies and denies knowledge, information and belief as to the allegations contained in paragraph 22 of the Complaint to the same extent as set forth in all preceding paragraphs of this Answer with Affirmative Defenses as if fully set forth herein.

23. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies those allegations.

24. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies those allegations.

25. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies those allegations.

26. As to the allegations contained in paragraph 26 of the Complaint, Defendant admits only that Defendant provided goods and/or services to the Debtor during the Preference

Period but denies each and every other allegation and inference of said paragraph including any inference that Exhibit A to the Complaint is in all respects accurate or contains all of the detail as to the goods and services and terms and agreements between the Debtor and Defendant.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies those allegations.

30. As to the allegations contained in paragraph 30 of the Complaint, Defendant admits only that the total amount of $58,418.28 was received by Defendant during the Preference Period, and denies each and every other allegation contained in paragraph 30 of the Complaint including any inference that Exhibit A to the Complaint is in all respects accurate.

31. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies those allegations.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

**AS TO COUNT II**
**(As to Avoidance of Fraudulent Conveyances Pursuant to 11 U.S.C. §548(a)(1)(B))**

33. Defendant admits, denies and denies knowledge, information and belief as to the allegations contained in paragraph 33 of the Complaint to the same extent as set forth in all preceding paragraphs of this Answer with Affirmative Defenses as if fully set forth herein.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

## AS TO COUNT III
### (As to Recovery of Avoided Transfers -11 U.S.C. §550)

36. Defendant admits, denies and denies knowledge, information and belief as to the allegations contained in paragraph 36 of the Complaint to the same extent as set forth in all preceding paragraphs of this Answer with Affirmative Defenses as if fully set forth herein.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. As to the allegations contained in paragraph 38 of the Complaint, Defendant admits only that it is the initial transferee of the sum of $58,418.28 and denies each and every other allegation and inference contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

## AS TO COUNT IV
### (As to Disallowance of all Claims--11 U.S.C. §502(d) and (j))

40. Defendant admits, denies and denies knowledge, information and belief as to the allegations contained in paragraph 40 of the Complaint to the same extent as set forth in all preceding paragraphs of this Answer with Affirmative Defenses as if fully set forth herein.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. As to the allegations contained in paragraph 43 of the Complaint, Defendant admits that Defendant has not paid to Plaintiff any part of the $58,418.28 received by Defendant and denies each and every other allegation and inference contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

## GENERAL DENIAL

Except to the extent that factual allegations contained in the Complaint are expressly admitted in the preceding paragraphs of this Answer, they are denied. Further, Defendant denies that Plaintiff is entitled to any relief sought in this proceeding.

## AFFIRMATIVE DEFENSES

Defendant submits its Affirmative Defenses to the Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief against Defendant may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent the alleged transfers were (a) in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant and such transfer was (i) made in the ordinary course of business or financial affairs of the Debtor and Defendant; and/or (ii) made according to ordinary business terms, Defendant is entitled to retain any such transfers pursuant to 11 U.S.C. §547(c)(2).

**THIRD AFFIRMATIVE DEFENSE**

The alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(4) to the extent of any subsequent new value provided to the Debtor by Defendant.

WHEREFORE, Defendant respectfully requests that the Court enter an Order dismissing the Complaint with prejudice, and awarding Defendant its costs and disbursements in this action, as well as such other and further relief which the Court deems just and proper.

Dated: April 26, 2013  
       Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Winter*  
Christopher M. Winter (No. 4163)  
Jarret P. Hitchings (No. 5564)  
DUANE MORRIS, LLP  
222 Delaware Avenue, Suite 1600  
Wilmington, Delaware 19801  
Telephone: (302) 657-4900  
Facsimile: (302) 657-4901  
E-mail: cmwinter@duanemorris.com  
       jphitchings@duanemorris.com

and

Philip J. Uher (PA ID 63235)  
330 Deemers Drive  
Cranberry Township, PA 16066  
Telephone: (412) 478-7728  
Email: philipuher@yahoo.com

*Counsel to Robinson Fans, Inc.*