IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| WP Steel Venture LLC, <u>et al.</u>,[1] | : | Case No. 12-11661 (KJC) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Hearing Date: July 30, 2013 at 10:00 a.m. (ET) |
| | : | Objection Deadline: July 16, 2013 at 4:00 p.m. (ET) |

---------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO
SECTION 363(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019, AUTHORIZING AND APPROVING THE SETTLEMENT BETWEEN
DEBTORS AND THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

The debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), by and through their undersigned attorneys, submit this motion (the "<u>Motion</u>") for entry by the Bankruptcy Court of an order approving a stipulation (the "<u>Proposed Stipulation</u>"), pursuant to section 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (the "<u>Bankruptcy Code</u>"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), regarding the proposed settlement of certain claims asserted against the Debtors by the United States Environmental Protection Agency (the "<u>EPA</u>"), a copy of which is attached to the proposed order attached hereto as <u>Exhibit A</u>. In support of this Motion, the Debtors, by and through their undersigned attorneys, respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927). The Debtors' mailing address is P.O. Box 1847, Bel Air, Maryland 21014.

and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## RELEVANT BACKGROUND

2. The United States (as defined below) has asserted a claim for civil penalties against RG Steel Wheeling, LLC ("RG Wheeling"), one of the Debtors, for asserted violations of the Resource Conservation and Recovery Act ("RCRA"), 15 U.S.C. § 6901 *et seq.*, at former facilities in Steubenville and Mingo Junction, Ohio and Follansbee, West Virginia; the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671 at former facilities in Mingo Junction, Ohio and Follansbee, West Virginia; and the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387 at former facilities in Steubenville, Mingo Junction, Yorkville and Martins Ferry, Ohio. Prior to the commencement of these cases on May 31, 2012 (the "Petition Date"), the United States filed an action against RG Wheeling, captioned as *United States v. RG Steel Wheeling, LLC and Mountain State Carbon*, LLC, Civil No. 12-0019 (N.D. W.Va.) (the "Wheeling Action"). The Wheeling Action is still pending and the EPA has sought significant discovery in the Wheeling Action. The Wheeling Action relates to some of the penalties asserted in proof of claim number 2317 filed by the EPA against RG Wheeling (the "Wheeling Proof of Claim"), which proof of claim also included a protective filing for work obligations. The Debtors and the EPA have agreed to the Proposed Stipulation as a full and final resolution of the claim for civil penalties described in the Wheeling Proof of Claim.

3. The United States has asserted a claim for civil penalties against RG Steel Warren, LLC ("RG Warren"), one of the Debtors, for asserted violations of the CAA. The EPA filed proof of claim number 2318 against RG Warren (the "Warren Proof of Claim") for the

alleged violations. The Warren Proof of Claim also included a protective filing for work obligations. The Debtors and the EPA have agreed to the Proposed Stipulation as a full and final resolution of the claim for civil penalties described in the Warren Proof of Claim.

4. The United States has asserted a claim for civil penalties against RG Steel Sparrows Point, LLC ("RG Sparrows Point"), one of the Debtors, for asserted violations of the CAA. The EPA filed proof of claim number 2321 against RG Sparrows Point (the "Sparrows Point Proof of Claim") for the alleged violations. The Sparrows Point Proof of Claim also included a protective filing for work obligations. The Debtors and the EPA have agreed to the Proposed Stipulation as a full and final resolution of the claim for civil penalties described in the Sparrows Point Proof of Claim.

### SUMMARY OF THE PROPOSED STIPULATION[2]

5. The parties have agreed that, pursuant to the Proposed Stipulation:

   a. Effective upon entry of an order approving the Proposed Stipulation, the Wheeling Proof of Claim will be amended and allowed in Case No. 12-11664 (KJC) in the amount of fifteen million, seven hundred forty-eight thousand, two hundred ninety five dollars ($15,748,295.00) as a general prepetition unsecured claim without any further filing or action by the United States. Upon such allowance, the Wheeling Proof of Claim will not be subject to any further objection by the Debtors or any other party. Proposed Stipulation, ¶ 24.

   b. Effective upon entry of an order approving the Proposed Stipulation, the Warren Proof of Claim will be amended and allowed in Case No. 12-11666 (KJC) in the amount of four million, one hundred thirty-two thousand, seven hundred seventy-six dollars ($4,132,776.00) as a general prepetition unsecured claim without any further filing or action by the United States. Upon such allowance, the Warren Proof of Claim will not be subject to any further objection by the Debtors or any other party. Proposed Stipulation, ¶ 25.

   c. Effective upon entry of an order approving the Proposed Stipulation, the Sparrows Point Proof of Claim will be amended and allowed in Case No.

---
[2] In the event of a conflict between any term addressed in this summary with any term in the Proposed Stipulation, the Proposed Stipulation will govern in all respects.

12-11668 (KJC) in the amount of eight thousand, four hundred, thirty-one dollars ($8,431.00) as a general prepetition unsecured claim without any further filing or action by the United States. Upon such allowance, the Sparrows Point Proof of Claim will not be subject to any further objection by the Debtors or any other party. Proposed Stipulation, ¶ 26.

6. For the avoidance of doubt, nothing in the Proposed Stipulation modifies the obligations of the Debtors with respect to the escrow established for funding offshore work at the Debtors' former Sparrows Point facility as set forth in that certain order, dated August 15, 2012 [Docket No. 909]. Further, nothing in the Proposed Stipulation resolves compliance and work obligations of the Debtors (or, to the extent applicable, liquidating trusts of their estates) under RCRA. Further, the Proposed Stipulation does not address the EPA's claims for potential environmental liabilities for properties that remain part of the Debtors' estates and/or for the migration of hazardous substances from property of the estates. For the avoidance of doubt, the Debtors dispute such asserted liabilities and all parties to the Proposed Stipulation reserve all rights and defenses with respect to such potential liabilities.

## RELIEF REQUESTED

7. By this Motion, the Debtors request the entry of an order approving the Proposed Stipulation, pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BASIS FOR RELIEF

A. The Proposed Stipulation Should Be Approved
   Pursuant to Section 363(b) of the Bankruptcy Code

8. The Debtors have determined, in an exercise of their sound business judgment, that the Proposed Stipulation is fair and reasonable and in the best interest of their estates and creditors. Pursuant to section 363(b)(1) of the Bankruptcy Code, a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business,

property of the estate." 11 U.S.C. § 363(b)(1). To obtain court approval of a use of property under section 363(b), a debtor needs only to show a legitimate business justification for the proposed action. See, e.g., Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, courts defer to a trustee's judgment concerning use of property under section 363(b) when there is a legitimate business justification) (internal citation omitted); Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed. Mogul Global, Inc.), 293 B.R. 124, 126 (D. Del. 2003) ("As applied in the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction."); In re Delaware and Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991) (noting that the Third Circuit has adopted the "sound business judgment" test for use of property under section 363(b) of the Bankruptcy Code).

9. The settlement between the Debtors and the EPA embodied in the Proposed Stipulation is reasonable and fair, and the Debtors' entry into the Proposed Stipulation is supported by sound business judgment. Most importantly, the Proposed Stipulation will resolve the ongoing Wheeling Action. Absent such a resolution, the Debtors will be forced to incur significant expenses in complying with discovery obligations and defending themselves in such litigation. In addition, the Debtors' few remaining personnel will be forced to divert attention away from their efforts to monetize the Debtors' remaining assets for the benefit of the estates and creditors to addressing issues that arise in the Wheeling Action. The Proposed Stipulation allows for the dismissal with prejudice of the claims asserted against RG Wheeling in the Wheeling Action, thereby avoiding engaging in costly litigation that would only detract from the value of the estates and the creditors' recovery therefrom.

10. Furthermore, the Proposed Stipulation liquidates and resolves three significant proofs of claim against the Debtors' estates — the Warren Proof of Claim, the Wheeling Proof of Claim and the Sparrows Point Proof of Claim. Absent the Debtors' entry into the Proposed Stipulation, the Debtors would face a lengthy and disputed process before this Court to determine judicially the EPA's entitlements for their claims asserted in the Warren Proof of Claim, the Wheeling Proof of Claim and the Sparrows Point Proof of Claim. As the Proposed Stipulation avoids the incurrence of expenses associated with such a process, it should be approved by this Court.

11. For the reasons set forth herein, the Debtors' entry into the Proposed Stipulation is in the best interest of the Debtors' estates and, therefore, should be approved.

B. The Proposed Stipulation Should Be
    Approved Pursuant To Bankruptcy Rule 9019(a)

12. Compromises are favored by bankruptcy courts. See In re Sassalos, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise . . . rests in the sound discretion of the judge."). Under Bankruptcy Rule 9019(a), the Court has the authority to approve a settlement if it is fair and equitable and in the best interests of the estate. See In re Louise's Inc., 211 B.R. 798, 801 (D. Del, 1997); Fischer v. Pereira (In re 47-49 Charles St., Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997). In considering whether to approve a compromise or settlement, a court must assess and balance the value of the claim that is being compromised against the value to the estate of accepting the compromise. In re Martin, 91 F.3d 389, 393 (3d Cir. 1996). Among other things, a bankruptcy court should consider: "(1) The balance between the likelihood of success compared to the present and future benefits offered by the settlement; (2) Prospect of complex and protracted litigation if settlement is not approved; . . . and (7) The

extent to which settlement is the product of arm's length bargaining." Fischer v. Pereira, 209 B.R. at 620 (quoting Nellis v. Shugrue, 165 B.R. 115, 122 (S.D.N.Y. 1994)).

13. The Debtors believe that the compromises embodied in the terms of the Proposed Stipulation are in the best interests of the Debtors, their creditors and their estates, as set forth above. The agreed-upon resolutions of the Wheeling Proof of Claim, Warren Proof of Claim, and Sparrows Point Proof of Claim and the terms of the Proposed Stipulation are the product of arms' length negotiation between sophisticated parties, and are, in the business judgment of both sides, fair and reasonable. The Proposed Stipulation also provides for a consensual resolution of pending litigation that would cost the estates a significant sum, without any guarantee that the outcome of such litigation would be more favorable to the estates. Further, the Proposed Stipulation also satisfies the factors enumerated in Fischer v. Pereira. The Debtors will obtain the benefit of a prompt resolution without the necessity or risk of protracted litigation, which is particularly critical given the status of these cases and the need to conserve resources.

14. Based on the foregoing, each of the applicable factors weighs in favor of approving the Proposed Stipulation. Accordingly, pursuant to Bankruptcy Rule 9019, the Debtors' entry into the Proposed Stipulation should be approved.

## **REQUEST FOR WAIVER OF BANKRUPTCY RULE 6004(h)**

15. The Debtors respectfully request a waiver of the fourteen (14) day stay of effectiveness imposed by Bankruptcy Rule 6004(h) so that the relief requested herein can take effect immediately upon entry of an order approving the Proposed Stipulation.

## **NOTICE**

16. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the agents for

the Debtors' prepetition and postpetition senior secured lenders; (d) counsel to the agent for the Debtors' prepetition junior secured lenders; (e) counsel to Renco, Inc., a secured noteholder; (f) those parties requesting services in these cases pursuant to Bankruptcy Rule 2002; and (g) counsel to the EPA. The Debtors submit that, under the circumstances, no other or further notice is required.

17. No previous motion for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Proposed Stipulation, substantially in the form attached hereto as Exhibit A, and grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
May 16, 2013

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Erin R. Fay*
Robert J. Dehney (No. 3578)
Erin R. Fay (No. 5268)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
(302) 658-3989 (Fax)
rdehney@mnat.com
efay@mnat.com

-and-

WILLKIE FARR & GALLAGHER LLP
Matthew A. Feldman
Shaunna D. Jones
Andrew D. Sorkin
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
(212) 728-8111 (Fax)
mfeldman@willkie.com
sjones@willkie.com
asorkin@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*