IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____

|                                       |     |                                  |
|---------------------------------------|-----|----------------------------------|
|                                       | )   | Chapter 11                       |
| In re:                                | )   |                                  |
|                                       | )   | Case No. 12-11661 (KJC)          |
| WP STEEL VENTURE LLC, *et al.*,       | )   | (Jointly Administered)           |
|                                       | )   |                                  |
| Debtors.                              | )   | <u>Hearing Date:</u>             |
|                                       | )   | July 30, 2013, at 10:00 a.m.     |

_____

UNITED STATES' JOINDER IN DEBTORS' MOTION FOR ENTRY OF AN ORDER,
PURSUANT TO SECTION 363(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019, AUTHORIZING AND APPROVING THE SETTLEMENT BETWEEN
<u>DEBTORS AND THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY</u>

The United States, on behalf of the United States Environmental Protection Agency

("EPA"), respectfully submits this joinder to Debtors' Motion for approval and entry of an order

authorizing and approving the proposed Stipulation between EPA and Debtor WP Steel Venture,

LLC and its affiliated Debtors ("Rule 9019 Motion") (Docket No. 2930).  For the reasons set

forth below, the United States joins with Debtors and requests that this Court approve as a final

judgment the proposed Stipulation between the Debtors and EPA filed with the Court on May

16, 2013.

I.  BACKGROUND

The proposed Stipulation resolves potential environmental liabilities asserted in the

United States' Proofs of Claim against three debtors.  The United States filed Proof of Claim

No. 2317 that asserted a claim for civil penalties against RG Steel Wheeling, LLC, for alleged

violations of the Resource Conservation and Recovery Act ("RCRA"), 15 U.S.C. § 6901 *et seq.*,

at its former facilities in Steubenville and Mingo Junction, Ohio and Follansbee, West Virginia;

violations of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q at its former facilities in

Mingo Junction, Ohio and Follansbee, West Virginia; and violations of the Clean Water Act

("CWA"), 33 U.S.C. §§ 1251-1387 at its former facilities in Steubenville, Mingo Junction, Yorkville and Martins Ferry, Ohio.  The proposed Stipulation resolves Proof of Claim No. 2317, as amended and allowed in the bankruptcy case of RG Steel Wheeling, LLC, in the amount of $15,748,295 as a general, pre-petition unsecured claim.

The United States also filed Proof of Claim No. 2318 that asserted a claim for civil penalties against RG Steel Warren, LLC, for alleged violations of the CAA at its former facility in Warren, Ohio.  The proposed Stipulation resolves Proof of Claim No. 2318, as amended and allowed in the bankruptcy case of RG Steel Warren, LLC, in the amount of $4,132,776 as a general, pre-petition unsecured claim.

Finally, the United States filed Proof of Claim No. 2321 that asserted a claim for civil penalties against RG Steel Sparrows Point, LLC, for alleged violations of the CAA at its former facility in Sparrows Point, Maryland.   The proposed Stipulation resolves Proof of Claim No. 2321, as amended and allowed in the bankruptcy case of RG Steel Sparrows Point, LLC, in the amount of $8,431 as a general, pre-petition unsecured claim

## II.  STANDARD OF REVIEW

The proposed Stipulation requires the Court's approval under two different sets of laws. Under the first set of laws, pursuant to Federal Rule of Bankruptcy Procedure 9019, the Court must approve the proposed Stipulation as in the best interest of the bankruptcy estate and as being consistent with applicable bankruptcy law.  Debtors submitted the Stipulation and filed a motion for approval of the proposed Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. (Docket No. 2930).  Under the second set of laws, the Court must approve the fairness of the proposed Stipulation and its consistency with applicable

environmental laws.  If the court finds that the terms of the proposed settlement are fair,

reasonable, and consistent with the goals of the environmental statute, then the settlement should

be approved.  *See In re Tutu Water Wells CERCLA Litigation*, 326 F.3d 201, 207 (3d Cir. 2003)

(citing *United States v. Southeastern Pa. Transp. Auth.*, 235 F.3d 817, 823 (3d Cir. 2000));

*United States v. Rohm & Haas Co.*, 721 F.Supp. 666, 685 (D.N.J.1989).

In addition, approvals of settlements under environmental law include a procedure for

obtaining public comment.  Notice of the settlement was published in the Federal Register more

than thirty days ago.  78 Fed. Reg. 30,935 (May 23, 2013).  The United States received no

comments on the proposed Stipulation.

### III.  ANALYSIS OF SETTLEMENT AGREEMENT

The United States believes that the proposed Stipulation is fair, reasonable, and

consistent with environmental law.  In evaluating the fairness of a consent decree, a court should

assess both procedural and substantive considerations.  *Tutu Water Wells CERCLA Litigation*,

326 F.3d at 207.  The settlement memorialized in the proposed Stipulation was reached after

arms-length negotiations between counsel for the United States and counsel for Debtors

regarding its terms.  The parties weighed the merits, costs, risks, and delays that litigation would

entail, against the value of settlement.  The terms of the Stipulation provide for a general,

pre-petition unsecured claim in amounts consistent with EPA guidance on civil penalties for the

alleged violations of the applicable environmental laws.  Specifically, under the Stipulation,

Debtors agree to allowed unsecured claims in the total amount of $19,889,502.  These amounts

are consistent with EPA's relevant civil penalty policies considering the alleged violations at

issue.

Moreover, the proposed Stipulation avoids the need for protracted and expensive litigation and adjudication of the factual and legal issues.  The proposed Stipulation would resolve all of the United States' claims for civil penalties against three Debtors.  As a result, the Stipulation allows for the dismissal of RG Steel Wheeling from a civil action filed by the United States prior to the Petition Date.  *United States v. RG Steel Wheeling, LLC and Mountain State Carbon*, LLC, Case No. 12-cv-0019 (N.D. W.Va.).  That action relates to some of the penalties asserted in the proof of claim filed by the United States.  Dismissal of RG Steel Wheeling from this civil action preserves assets of the estate by terminating the costs of litigation.  Dismissal also benefits the District Court and the parties to that litigation by narrowing the scope of discovery and the issues for trial.

The proposed Stipulation resolves only claims for civil penalties and expressly preserves any and all compliance and work obligations of Debtors or any liquidating trusts under RCRA. Debtors continue to have potential environmental liabilities for properties that remain part of the bankruptcy estates and/or for the migration of hazardous substances from property of its bankruptcy estates, including any contaminated parcels excluded from the sale of assets, including but not necessarily limited to the pipeline and associated tanks, drip legs and other appurtenances that transport coke oven gas condensate from the Follansbee Facility through the Steubenville Facility, along the railroad right-of-way to Mingo Junction.  In the event contaminated property is not sold, the United States intends to seek injunctive relief from Debtors through the Bankruptcy Court.  Under the Stipulation, the parties "reserve all rights and defenses with respect to such potential liabilities."

Voluntary settlement of legal disputes is favored by the courts and is generally perceived to be in the public interest.  *See Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983).  The public policy favoring the resolution of litigation through settlements is particularly strong in environmental cases.  *In re Acushnet River & New Bedford Harbor*, 712 F. Supp. 1019, 1029 (D. Mass. 1989) (The "Congressional purpose [of protecting and preserving public health and the environment] is better served through settlements which provide funds to enhance environmental protection, rather than the expenditure of limited resources on protracted litigation").  The policy favoring settlement is also "particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA which enjoys substantial expertise in the environmental field." *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1436 (6th Cir. 1991) (relying on *United States v. Cannons Eng'g. Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)).

The balance of competing interests affected by a settlement with the federal government "'must be left in the first instance to the discretion of the Attorney General,'" *Kelley v. Thomas Solvent Company*, 717 F. Supp. 507, 515 (W.D. Mich. 1989) (citation omitted), since the Attorney General retains "considerable discretion in controlling government litigation and in determining what is in the public interest." *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976).  In the final analysis, the relevant standard "is not whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed consent decree is fair, reasonable, and faithful to the objectives of the governing statute." *Cannons Eng'g. Corp.*, 899 F.2d at 84.  Accordingly, for the reasons set forth herein, the United States respectfully requests that the Court approve and enter as a final judgment the

proposed Order authorizing and approving the Stipulation lodged with the Court on May 16, 2013.

WHEREFORE, the United States hereby joins Debtors' motion for approval and entry of an order authorizing and approving the proposed Stipulation between the United States on behalf of EPA and Debtor WP Steel Venture, LLC and its affiliated Debtors relating to certain liabilities under RCRA, the Clean Air Act and the Clean Water Act.

Respectfully submitted,

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice


 July 2, 2013            *s/Michael J. Zoeller*
DATED                   MICHAEL J. ZOELLER
                        Trial Attorney
                        Environmental Enforcement Section
                        Environment and Natural Resources Division
                        United States Department of Justice
                        Post Office Box 7611
                        Washington, D.C.  20044
                        (202) 305-1478
                        (202) 616-6584 (fax)
                        michael.zoeller@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____
)    Chapter 11
In re:                                                  )
)    Case No. 12-11661 (KJC)
WP STEEL VENTURE LLC, *et al.*,   )    (Jointly Administered)
)
Debtors.              )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2013, I served copies of the foregoing United States' Joinder in Debtors' Motion for Entry of an Order, Pursuant to Section 363(B) of the Bankruptcy Code and Bankruptcy Rule 9019, Authorizing and Approving the Settlement Between Debtors and the United States Environmental Protection Agency (via email) to the below-listed persons as well by ECF on all parties receiving electronic service in this case:


Matthew A. Feldman
Shaunna D. Jones
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Email: mfeldman@willkie.com
          sjones@willkie.com

Robert J. Dehney
Erin R. Fay
Morris, Nichols, Arsht & Tunnell
1201 North Market Street, 18th Floor
Wilmington, DE 19899
Email: rdehney@mnat.com
          efay@mnat.com

Mark Kenney
Office of the United States Trustee
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801
Email: mark.kenney@usdoj.gov

Yekaterina Chernyak
Andrea Chouprouta
Thomas Moers Mayer
Joshua Brody
Kramer Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036
Email:  tmayer@kramerlevin.com
            jbrody@kramerlevin.com


Matthew Zimmerman
Office of the General Counsel
Maryland Department of the Environment
1800 Washington Boulevard
Baltimore, MD 21230
Email:  mzimmerman@mde.state.md.us


Timothy J. Kern
Office of the Attorney General
State of Ohio
30 East Broad Street, 25th Floor
Columbus, OH 43215
Email:timothy.kern@ohioattorneygeneral.gov

Mark J. Rudolph
West Virginia Department of
Environmental Protection
601 57th Street SE
Charleston, WV 25304
Email: mark.j.rudolph@wv.gov


Dated: July 2, 2013                    /s/ Michael J. Zoeller
                                       MICHAEL J. ZOELLER
                                       Trial Attorney
                                       Environment and Natural Resources Division
                                       U.S. Department of Justice
                                       P.O. Box 7611
                                       Washington, DC 20044
                                       Tel. No.:      (202) 305-1478
                                       Fax No.:      (202) 616-6584
                                       Email: michael.zoeller@usdoj.gov

2