# EXHIBIT 1

**Proposed Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| WP STEEL VENTURE LLC, et al., ) | Case No. 12-11661 (KJC) |
| ) | |
| Debtors.[1] ) | (Jointly Administered) |

## STIPULATION BETWEEN DEBTORS AND
## THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and the United States Environmental Protection Agency ("EPA") hereby stipulate and agree as follows, subject to a request by the United States for approval under environmental law after any public comment:

### I. BACKGROUND

#### Procedural Background

1. On May 31, 2012, (the "Petition Date") each of the Debtors filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101- 1330, as amended (the "Bankruptcy Code").

2. The Debtors have sold their facilities and substantially all of their other assets and are continuing to liquidate their remaining assets.

#### The Claims Relating to Debtor RG Steel Wheeling, LLC (Case No. 12-11664)

3. The United States (as defined below) has asserted a claim for civil penalties against RG Steel Wheeling, LLC, one of the Debtors, for asserted violations of the Resource Conservation and Recovery Act ("RCRA"), 15 U.S.C. § 6901 et seq., at facilities in Steubenville and Mingo Junction, Ohio and Follansbee, West Virginia; the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, at facilities in

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927). The Debtors' mailing address is P.O. Box 1847, Bel Air, Maryland 21014.

1

Mingo Junction, Ohio and Follansbee, West Virginia; and the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387, at facilities in Steubenville, Mingo Junction, Yorkville and Martins Ferry, Ohio. Prior to the Petition Date, the United States filed an action against RG Steel Wheeling, LLC, captioned as United States v. RG Steel Wheeling, LLC and Mountain State Carbon, LLC, Civil No. 12-0019 (N.D. W.Va.), which is currently pending. That action relates to some of the penalties asserted in the proof of claim filed by the United States (as defined below).

4. The United States contends that Debtor RG Steel Wheeling, LLC is liable to the United States for civil penalties of up to $37,500 per day per violation due to Debtor's asserted failure to comply with the applicable regulations promulgated by appropriate state and federal authorities and permits issued by the appropriate state authorities under the Clean Air Act, RCRA and the Clean Water Act.

5. On November 23, 2012, the United States Environmental Protection Agency filed proof of claim number 2317 against RG Steel Wheeling, LLC stating a claim for recovery of an amount to be determined by a court or by agreement of the parties regarding the above-described alleged violations ("Proof of Claim No. 2317"). The Proof of Claim included a protective filing for work obligations.

6. The Debtors and the EPA have agreed to this Stipulation as a full and final resolution of the claim for civil penalties described in Proof of Claim No. 2317.

7. By entering into this Stipulation, Debtors do not admit any liability to the United States arising out of the transactions or occurrences alleged by EPA (as defined below) or DOJ (as defined below). This Stipulation constitutes a settlement of disputed claims to avoid the expense of litigation. Debtors deny the allegations that violations occurred or that the proposed penalties are appropriate. Nothing in the allegations, the proposed penalties, this Stipulation, or the signing, execution or implementation of this Stipulation constitutes an admission or evidence of, or shall be treated as an admission or evidence of, any allegation or of any violation of the statutes and regulations referred to herein, in any litigation or forum whatsoever.

8. The United States and Debtors agree, and this Court by entering an order approving this Stipulation finds, that this Stipulation has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties and that this Stipulation is fair, reasonable and in the public interest.

### The Claims Relating to Debtor RG Steel Warren, LLC (Case No. 12-11666)

9. The United States (as defined below) has asserted a claim for civil penalties against RG Steel Warren, LLC, one of the Debtors, for its asserted violations of the CAA at its former facility in Warren, Ohio.

10. The United States contends that Debtor RG Steel Warren, LLC is liable to the United States for civil penalties of up to $37,500 per day per violation due to Debtor's asserted failure to comply with the applicable regulations promulgated by appropriate state and federal authorities and permits issued by the appropriate state authorities under the Clean Air Act.

11. On November 23, 2012, the United States Environmental Protection Agency filed proof of claim number 2318 against RG Steel Warren, LLC stating a claim for recovery of an amount to be determined by a court or by agreement of the parties regarding the above-described alleged violations ("Proof of Claim No. 2318"). The Proof of Claim included a protective filing for work obligations.

12. The Debtors and the EPA have agreed to this Stipulation as a full and final resolution of the claim for civil penalties described in Proof of Claim No. 2318.

13. By entering into this Stipulation, Debtors do not admit any liability to the United States arising out of the transactions or occurrences alleged by EPA (as defined below) or DOJ (as defined below). This Stipulation constitutes a settlement of disputed claims to avoid the expense of litigation. Debtors deny the allegations that violations occurred or that the proposed penalties are appropriate. Nothing in the allegations, the proposed penalties, this Stipulation, or the signing, execution or implementation of this Stipulation constitutes an admission or evidence of, or shall be treated as an

3

admission or evidence of, any allegation or of any violation of the statutes and regulations referred to herein, in any litigation or forum whatsoever.

14. The United States and Debtors agree, and this Court by entering an order approving this Stipulation finds, that this Stipulation has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties and that this Stipulation is fair, reasonable and in the public interest.

### The Claims Relating to Debtor RG Steel Sparrows Point, LLC (Case No. 12-11668)

15. The United States (as defined below) has asserted a claim for civil penalties against RG Steel Sparrows Point, LLC, one of the Debtors, for asserted violations of the CAA at its former facility in Sparrows Point, Maryland.

16. The United States contends that Debtor RG Steel Sparrows Point, LLC is liable to the United States for civil penalties of $8,431.38 for violation of a Consent Agreement and Final Order, filed May 16, 2012, for an alleged violation of the Clean Air Act.

17. On November 23, 2012, the United States Environmental Protection Agency filed proof of claim number 2321 against RG Steel Sparrows Point, LLC stating a claim for recovery of a civil penalty of $8,431.38 ("Proof of Claim No. 2321"). The Proof of Claim included a protective filing for work obligations.

18. The Debtors and the EPA have agreed to this Stipulation as a full and final resolution of the claims for civil penalties described in Proof of Claim No. 2321.

19. By entering into this Stipulation, Debtors do not admit any liability to the United States arising out of the transactions or occurrences alleged by EPA (as defined below) or DOJ (as defined below). This Stipulation constitutes a settlement of disputed claims to avoid the expense of litigation. Debtors deny the allegations that violations occurred or that the proposed penalties are appropriate. Nothing in the allegations, the proposed penalties, this Stipulation, or the signing, execution or implementation of this Stipulation constitutes an admission or evidence of, or shall be treated as an

4

admission or evidence of, any allegation or of any violation of the statutes and regulations referred to herein, in any litigation or forum whatsoever.

20. The United States and Debtors agree, and this Court by entering an order approving this Stipulation finds, that this Stipulation has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties and that this Stipulation is fair, reasonable and in the public interest.

IN CONSIDERATION OF THE FOREGOING, THE PARTIES FURTHER AGREE THAT:

## II. JURISDICTION AND VENUE

21. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157, 1331, 1334, 1345, and 1355. This is a core proceeding under 28 U.S.C. § 157(b)(2). Debtors and the EPA consent to and further stipulate that they will not challenge entry of an order approving this Stipulation or this Court's jurisdiction to enter and enforce this Stipulation, subject to Paragraph 34 of this Stipulation. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## III. PARTIES BOUND

22. This Stipulation is binding upon the United States and upon Debtors and their successors and assigns. Any change in ownership or corporate or other legal status of Debtors including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Debtors under this Stipulation.

## IV. DEFINITIONS

23. Unless otherwise expressly provided herein, terms used in this Stipulation which are defined in the Clean Air Act, Clean Water Act, RCRA or in regulations promulgated under the Clean Air Act, Clean Water Act or RCRA will have the meaning assigned to them in the relevant statute or in such regulations. Whenever terms listed below are used in this Stipulation or in any appendix attached hereto, the following definitions will apply:

        a.      *Stipulation* means this stipulation and all appendices attached hereto (in the event of conflict between this Stipulation and any appendix, the Stipulation shall control);

        b.      *Clean Air Act*, or *CAA* mean the Clean Air Act, as amended, 42 U.S.C. § 7401-7671q;

        c.      *Clean Water Act*, or *CWA* means the Clean Water Act, as amended, 33 U.S.C. §§ 1251-1387;

        d.      *Debtors, Debtors'*, or *Debtor* means WP Steel Venture LLC; RG Steel Wheeling, LLC; RG Steel Warren, LLC; and RG Steel Sparrows Point, LLC.

        e.      *DOJ* means the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States;

        f.      *EPA* means the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States;

        g.      *Paragraph* means a portion of this Stipulation identified by an Arabic numeral or an upper or lower case letter;

        h.      *Parties* means the United States and Debtors;

        i.      *Proof of Claim, POC*, or *Claim* means the Claims filed by the United States on behalf of the United States Environmental Protection Agency ("EPA") in this matter seeking civil penalties for Debtors' alleged violation of regulations propounded and permits issued under the CAA, CWA and RCRA;

        j.      *Resource Conservation and Recovery Act*, or *RCRA* means the Resource Conservation and Recovery Act, as amended, 42 U.S.C. § 6901 et seq.;

        k.      *Section* means a portion of this Stipulation identified by a Roman numeral.

## V. ALLOWANCE OF CLAIMS

24.      Subject to entry of an order approving this Stipulation, Proof of Claim No. 2317 is hereby amended and allowed in the bankruptcy case of RG Steel Wheeling, LLC in the amount of FIFTEEN

MILLION, SEVEN HUNDRED FORTY-EIGHT THOUSAND, TWO HUNDRED NINETY FIVE dollars ($15,748,295.00) as a general, pre-petition unsecured claim without any further filing or action by the United States and such allowance may not be subject to any further objection by the Debtors or any other party.

25. Subject to entry of an order approving this Stipulation, Proof of Claim No. 2318 is hereby amended and allowed in the bankruptcy case of RG Steel Warren, LLC in the amount of FOUR MILLION, ONE HUNDRED THIRTY-TWO THOUSAND, SEVEN HUNDRED SEVENTY-SIX dollars ($4,132,776.00) as a general, pre-petition unsecured claim without any further filing or action by the United States and such allowance may not be subject to any further objection by the Debtors or any other party.

26. Subject to entry of an order approving this Stipulation, Proof of Claim No. 2321 is hereby amended and allowed in the bankruptcy case of RG Steel Sparrows Point, LLC in the amount of EIGHT THOUSAND, FOUR HUNDRED THIRTY-ONE dollars ($8,431.00) as a general, pre-petition unsecured claim without any further filing or action by the United States and such allowance may not be subject to any further objection by the Debtors or any other party. Nothing herein alters or modifies the obligations with respect to the escrow established for funding offshore work at Sparrows Point set forth in that certain order, dated August 15, 2012 [Docket No. 909].

27. The allowance of Proof of Claim No. 2317, Proof of Claim No. 2318 and Proof of Claim No. 2321 (the "Allowed General Unsecured Claims") will be effective upon entry by the Court of an order approving this Stipulation. In the event a plan of reorganization is confirmed in the Debtors' bankruptcy case (the "Plan"), the Allowed General Unsecured Claims will receive the same treatment under the Plan, without discrimination, as other general unsecured claims with all attendant rights provided by the Bankruptcy Code. In no event will the Allowed Unsecured Claims be subordinated pursuant to any provision of the Plan or Bankruptcy Code to any other general unsecured claim.

28.     Nothing herein resolves any and all compliance and work obligations of Debtors or any liquidating trusts under RCRA. Debtors continue to have potential environmental liabilities for properties that remain part of the bankruptcy estates and/or for the migration of hazardous substances from property of its bankruptcy estates, including any contaminated parcels excluded from the sale of assets, including but not necessarily limited to: a trapezoidal parcel on the north end of Tract 1 of the Martins Ferry Facility; and the pipeline and associated tanks, drip legs and other appurtenances that transport coke oven gas condensate from the Follansbee Facility through the Steubenville Facility, along the railroad right-of-way to Mingo Junction. For the avoidance of doubt, the Debtors dispute such asserted liabilities. The parties to this Stipulation reserve all rights and defenses with respect to such potential liabilities.

## VII. NOTICES AND SUBMISSIONS

29.     Cash distributions to the United States pursuant to this Stipulation shall be made at https://www.pay.gov or by FedWire Electronic Funds Transfer in accordance with instructions, including a Consolidated Debt Collection System ("CDCS") number, to be provided to the Debtors by the Financial Litigation Unit of the United States Attorney's Office for the District of Delaware.

30.     Non-cash distributions to the United States shall be made to:

> U.S. EPA
> Cincinnati Finance Center
> Attn: Accounts Receivable Branch
> EPA/OFCO/OFS/CFC/ARB
> 4411 Montgomery Road
> Suite 310
> Cincinnati, OH 45212

31.     At the time of any cash or non-cash distribution pursuant to this Stipulation, the Debtors shall transmit written confirmation of such distribution to the United States, with a reference to Bankruptcy Case Number 12-11661 (D. Del.), the CDCS number, and the DOJ File No. 90-7-1-10607.

32.     Whenever, under the terms of this Stipulation, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other

Parties, in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Stipulation with respect to the United States and Debtors, respectively.

As to the United States:

> Michael J. Zoeller, Esq.
> U. S. Department of Justice
> Environmental & Natural Resources Division
> Environmental Enforcement Section
> P.O. Box 7611
> Washington, D.C. 20044-7611
> 202.305-1478
> 202.616.6584 (fax)

and

> Assistant Administrator
> Office of Enforcement and Compliance Assurance
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, N. W.
> Washington, D.C. 20460

As to WP Steel Venture LLC, et al.:

> Matthew A. Feldman
> Shaunna D. Jones
> Willkie Farr & Gallagher LLP
> 787 Seventh Avenue
> New York, NY 10019

and

> Robert J. Dehney
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899-13473

## VIII. MISCELLANEOUS

33. This Stipulation constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Stipulation. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Stipulation.

34. This Stipulation shall be lodged with the Court and shall thereafter be subject to a period of public comment following publication of notice of the Stipulation and Agreed Order in the Federal

Register. After the conclusion of the public comment period, the United States will file with the Court any comments received, as well as the United States' responses to the comments, and at that time, if appropriate, the United States will request approval of the Stipulation. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation disclose facts or considerations which indicate that the Stipulation is not in the public interest.

35.     Debtors' entry into this Stipulation is subject to the approval of the Court. Debtors agree to exercise all reasonable efforts to obtain the prompt approval of the Court and to obtain such approval no later than the Court's confirmation of the Plan.

36.     Within two (2) business days of entry by the Court of an order not subject to appeal approving this Stipulation, the United States shall file in the United States District Court for the Northern District of West Virginia a motion to dismiss with prejudice all claims against RG Steel Wheeling, LLC in the civil action captioned United States v. RG Steel Wheeling, LLC, et al., Case No. 12-cv-0019 (N.D. W.Va.). Nothing herein shall affect the United States' action pending against parties other than Debtor RG Steel Wheeling, LLC in Case No. 12-CV-0019, including parties in which RG Steel Wheeling has an interest.

37.     If for any reason (a) the Stipulation is withdrawn by the United States as provided in Paragraph 34, or (b) the Stipulation is not approved by the Court: (i) this Stipulation shall be null and void, and the parties hereto shall not be bound under the Stipulation or under any documents executed in connection herewith; (ii) the parties shall have no liability to one another arising out of or in connection with this Stipulation or under any documents executed in connection herewith; and (iii) this Stipulation and any documents prepared in connection herewith shall have no residual or probative effect or value.

38.     The parties hereto irrevocably and unconditionally consent to submit to the jurisdiction of the Court for any litigation arising out of or relating to resolution of the claims for civil penalties

addressed in this Stipulation and agree not to commence any litigation relating thereto except in this Court.

## IX. EFFECTIVE DATE

39. The effective date of this Stipulation shall be the date upon which it is entered by the Court.

## X. SIGNATORIES SERVICE

40. Each of the undersigned representatives of each Party to this Stipulation and the Deputy Section Chief for the Environmental Enforcement Section of the Environment and Natural Resources Division certify that he or she is authorized to enter into the terms and conditions of this Stipulation and to execute and bind legally such Party to this document.

## XI. COSTS

41. The United States and Debtors will each bear their own costs and attorneys' fees in this action.

STIPULATION:
In re: WP STEEL VENTURE LLC, et al.,
Bankruptcy Case No. 12-11661 (KJC)
District of Delaware

Agreed as to form and substance:

FOR THE UNITED STATES OF AMERICA:

4/25/13
DATED

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United State Department of Justice
P.O. Box 7611
Washington, D.C. 20044

4/25/13
DATED

MICHAEL J. ZOELLER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044

STIPULATION:
In re: WP STEEL VENTURE LLC, et al.,
Bankruptcy Case No. 12-11661 (KJC)
District of Delaware

FOR THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY:

4/25/13
DATED

*[signature]*
SUSAN SHINKMAN
Director
Office of Civil Enforcement
United States Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

4/25/13
DATED

*[signature]*
ELLIOTT J. GILBERG
Director
Office of Site Remediation Enforcement
United States Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

STIPULATION:
In re: WP STEEL VENTURE LLC, et al.,
Bankruptcy Case No. 12-11661 (KJC)
District of Delaware

4/23/13
DATED

FOR THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY
REGION III:

SHAWN M. GARVIN
Regional Administrator
United States Environmental Protection Agency; Region III
1650 Arch Street
Philadelphia, PA  19103

STIPULATION:
In re: WP STEEL VENTURE LLC, et al.,
Bankruptcy Case No. 12-11661 (KJC)
District of Delaware

FOR THE DEBTORS:

WP Steel Venture LLC, et al.

By: _____
RICHARD D. CARUSO
Chief Financial Officer
WP Steel Venture LLC

DATED: 3/29/13

14

STIPULATION:
In re: WP STEEL VENTURE LLC, et al.,
Bankruptcy Case No. 12-11661 (KJC)
District of Delaware

                              FOR THE UNITED STATES
                              ENVIRONMENTAL PROTECTION AGENCY
                              REGION 5:

5/15/13
DATED

SUSAN HEDMAN
Regional Administrator
United States Environmental Protection Agency, Region 5
77 West Jackson Blvd.
Chicago, IL  60604

15