UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

———————————————————— X
In re:                                              :   Chapter 11
                                                    :
WP STEEL VENTURE LLC, et al.,                       :   Case No. 12-11661 (KJC)
                                                    :
                         Debtors.                   :   (Jointly Administered)
                                                    :   **Related to Docket No. 3176**
———————————————————— X

## JOINT RESPONSE OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AND SAUL EWING LLP TO THE DEBTORS' LIMITED OBJECTION TO FOURTH INTERIM APPLICATIONS OF COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") and Saul Ewing LLP ("Saul Ewing," and collectively, the "Committee Counsel"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") of WP Steel Venture LLC and its affiliated debtors (collectively, the "Debtors") hereby file this joint response to the Debtors' limited objection to Fourth Interim Fee Applications of Committee Counsel [Dkt. No. 3176] (the "Objection").[1] The Committee Counsel respectfully submit as follows:

### RESPONSE

1.  Prosecuting claims in pursuit of recoveries for unsecured creditors is an integral part of the Committee's statutory fiduciary duties. The Committee's declaratory judgment and breach of fiduciary duties litigations (collectively, "Committee Litigations") can potentially yield as much as $300 million for unsecured creditors that are otherwise virtually certain to not receive any recovery. In furtherance of fulfilling the Committee's duties and obtaining recoveries for

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Objection.

625685.2 8/12/13

unsecured creditors, Committee Counsel has been working diligently to prosecute the Committee Litigations.

2. At the behest of the Debtors' secured lenders, since December 2012, Committee Counsel has agreed to defer receiving current payment (i.e., from the secured lenders' purported cash collateral) for fees incurred in connection with the Committee Litigations (the "Litigation Fees"). Despite the fact that Committee Counsel were not receiving payment, they have continued to prosecute on the Committee Litigations.

3. Because the Litigation Fees are expended for the benefit of the Debtors' estates and performed in furtherance of the Committee's fiduciary duties, Committee Counsel has been requesting that the Court approve the Litigation Fees in accordance with the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [D.I. 287] (the "Interim Compensation Order"), notwithstanding that such fees are not currently being paid. Such requests were not opposed by any of the parties until the end of July 2013.[2] In fact, the Objection was the first time that the Debtors raised an issue with the Litigation Fees.

4. Notably, in their Objection the Debtors do not – and cannot – argue that the Litigation Fees should not have been incurred by the Committee Counsel. Rather, the Debtors argue that "[u]nless and until the Court enters a declaratory judgment that proceeds of Preference Claims are unencumbered assets of the Debtors' estates, the Debtors should not (and, indeed, cannot) bear the Litigation Fees." Objection ¶ 4. To avoid potentially unnecessary litigation, Committee Counsel has voluntarily borne the cost of Litigation Fees pending the determination

---

[2] Pursuant to the Interim Compensation Order, objections to a monthly fee application must be filed and served twenty days after service of the monthly fee application. Neither the Debtors nor any other party have filed an objection to any monthly fee application of Committee Counsel.

of the ownership of the preference claims, thereby obviating (for now) any need to reach the question of whether counsel is entitled to payment from estate assets. However, Committee Counsel has not agreed to put off the issue of whether its fees are being incurred unreasonably. To the extent that the Debtors have a substantive objection going to this issue, they should raise it now. Otherwise, the Committee Counsel should not be required to bear any greater risk of nonpayment than they already have assumed.

WHEREFORE, the Committee Counsel request that the Court (i) enter an order consistent with the forgoing and (ii) grant such other relief as the Court deems just and proper.

Dated: August 12, 2013

**SAUL EWING LLP**

Teresa K. D. Currier (No. 3080)
Lucian B. Murley (No. 4892)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6826 /6898
Facsimile: (302) 421-5861

-and-

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

Thomas Moers Mayer
Gregory A. Horowitz
Joshua K. Brody
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile (212) 715-8000

*Counsel to the Official Committee of Unsecured Creditors of WP Steel Venture LLC, et al.*