**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| WP Steel Venture LLC, <u>et</u> <u>al.</u>,[1] | : | Case No. 12-11661 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | **Hearing Date: October 15, 2013 at 10:00 a.m. (ET)** |
| | : | **Objections Due: October 7, 2013 at 4:00 p.m. (ET)** |

------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 105 AND BANKRUPTCY RULE 9019, AUTHORIZING AND APPROVING RG STEEL SPARROWS POINT, LLC'S ENTRY INTO A STIPULATION WITH KINDER MORGAN BULK TERMINALS LLC REGARDING CERTAIN LITIGATION**

The debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), by and through their undersigned attorneys, submit this motion (the "<u>Motion</u>") for entry of an order, pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (the "<u>Bankruptcy Code</u>"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing and approving RG Steel Sparrows Point, LLC's ("<u>RG Sparrows</u>") entry into a Stipulation (the "<u>Stipulation</u>") with Kinder Morgan Bulk Terminals LLC ("<u>KM</u>" and together with RG Sparrows, the "<u>Parties</u>") pertaining to certain litigation between the Parties currently pending in the United States District Court for the District of Maryland (the "<u>Crane Litigation</u>"). A copy of the Stipulation is attached to the proposed form of order attached hereto as <u>Exhibit A</u>. In support of this Motion, the Debtors, by and through their undersigned attorneys, respectfully represent as follows:

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927). The Debtors' mailing address is located at PO Box 1847, Bel Air, MD 21014.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

A. General

2. On May 31, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. By Order dated June 1, 2012, these chapter 11 cases have been consolidated for procedural purposes.

4. On June 12, 2012, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee").

B. The Crane Litigation and the Stipulation[2]

5. The Crane Litigation was commenced by RG Sparrows prior to the Petition Date and relates to the collapse of a crane at RG Sparrows' Sparrows Point facility.

6. On the Petition Date, the automatic stay arose pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay"), which stay could potentially prohibit the setoff of

---

[2] In the event of a conflict between any term addressed in this summary with any term in the Stipulation, the Stipulation will govern in all respects.

2

the KM Claim (as defined below) against any judgment obtained by RG Sparrows, against KM, in the Crane Litigation (the "Judgment").

7. On September 21, 2012, KM filed a proof of claim in RG Sparrow's case in the amount of $2,297,823.04 for services rendered at the Sparrows Point facility, which claim has been assigned claim number 1417 (the "KM Claim"). The KM Claim also asserts a contingent setoff claim for any amounts determined to be owed to the RG Sparrows in the Crane Litigation, as well as a reservation of rights to assert rejection damages in the event of a judicial determination that there was an executory contract between the Debtors and KM relating to the Sparrows Point facility.

8. On July 8, 2013, KM amended its answer in the Crane Litigation, to assert setoff as an affirmative defense (the "Affirmative Defense") solely to preserve KM's right to pursue setoff of the KM Claim against the Judgment, pursuant to section 553(a) of the Bankruptcy Code, before this Court.

9. On August 30, 2013, RG Sparrows filed a motion for summary judgment in the Crane Litigation seeking to dismiss the Affirmative Defense, claiming, in part, that KM violated the Automatic Stay by asserting the Affirmative Defense, and further asserting that relief from the Automatic Stay must be sought in this Court prior to asserting a right of setoff under Section 553(a) of the Bankruptcy Code.

10. Thereafter, the Parties discussed the issues related to the Affirmative Defense and negotiated the terms of the Stipulation. In general, the Stipulation provides that:

   a) Upon the entry of an order approving this Motion, KM shall promptly withdraw the Affirmative Defense asserted in the Crane Litigation.

   b) The Parties agree that KM's assertion of the Affirmative Defense did not violate the Automatic Stay, but was merely an attempt by KM to preserve its ability to seek setoff under section 553(a) of the Bankruptcy Code.

3

      c) The Parties agree that KM's ability, if any, to pursue setoff under section 553(a) of the Bankruptcy Code is preserved until Judgment is obtained in the Crane Litigation, or the Crane Litigation is otherwise resolved. At such time, KM shall be permitted file a motion in this Court seeking modification of the Automatic Stay to the extent necessary to permit KM to setoff off the KM Clam against the Judgment.

11. The entry into the Stipulation will avoid further litigation related to the Affirmative Defense in the Crane Litigation and will preserve issues related to setoff for later determination.

## RELIEF REQUESTED

12. By this Motion, the Debtors request the entry of an order, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, authorizing and approving RG Sparrow's entry into the Stipulation.

## BASIS FOR RELIEF

A. RG Sparrows Should Be Permitted to Enter Into the Stipulation Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019

13. In general, compromises are favored by bankruptcy courts. See In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Section 105(a) of the Bankruptcy Code permits the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

14. Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. Under this authority, the Third Circuit has emphasized that "[t]o minimize litigation and expedite the administration of a bankruptcy estate 'compromises are favored in bankruptcy.'" Meyers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9

4

Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990) (observing that "compromises are favored in bankruptcy and . . . much of litigation in bankruptcy estates results in settlements").  In addition, the District of Delaware has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  See In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

15. The Third Circuit has enumerated four factors that should be considered in determining whether a settlement should be approved.  The four enumerated factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  In re Martin, 91 F.3d at 393 ; accord Will v. Northwestern Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006).

16. The Debtors believe that the compromises embodied in the terms of the Stipulation are in the best interests of the Debtors, their creditors and their estates and that the Stipulation satisfies the factors enumerated in In re Martin.  The withdrawal of the Affirmative Defense and preservation of KM's ability to later seek authority to setoff any Judgment against the KM Claim is the most fair and efficient resolution of the issue.  The Stipulation is the product of arms' length negotiation between two sophisticated parties, and is, in the business judgment of both sides, fair and reasonable.

17. Further, the Parties' entry into the Stipulation will permit the Crane Litigation to continue on its merits, which is in the best interests of the Debtors' estates.  The Debtors believe the Crane Litigation may result in a substantial judgment in the Debtors' favor which will inure to the benefit of the Debtors' estates and creditors.  The Debtors' continued

pursuit of the Crane Litigation without the expense or risk of unnecessary litigation on the issue of setoff is beneficial to the Debtors' estates. Moreover, although the Debtors are confident that their claims in the Crane Litigation are meritorious and a Judgment will be obtained, at this time, it is premature to determine issues related to a Judgment that has not yet been issued. As a result, it is most efficient to permit the Crane Litigation to continue while preserving KM's ability to later seek the ability to setoff.

19. Based on the foregoing, each of the applicable factors weighs in favor of approving RG Sparrows entry into the Stipulation. Accordingly, pursuant to Bankruptcy Rule 9019, RG Sparrows's entry into the Stipulation should be approved.

**NOTICE**

19. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the agents for the Debtors' prepetition and postpetition senior secured lenders; (d) counsel to the agent for the Debtors' prepetition junior secured lenders; (e) counsel to Renco, Inc., a secured noteholder; (f) those parties requesting services in these cases pursuant to Bankruptcy Rule 2002; and (g) counsel to Kinder Morgan Bulk Terminals LLC. The Debtors submit that, under the circumstances, no other or further notice is required.

20. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing and approving the Stipulation pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 and granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
September 23, 2013

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Erin R. Fay*
Robert J. Dehney (No. 3578)
Gregory W. Werkheiser (No. 3553)
Erin R. Fay (No. 5268)
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
(302) 658-3989 (Fax)
rdehney@mnat.com
gwerkheiser@mnat.com
efay@mnat.com

-and-

WILLKIE FARR & GALLAGHER LLP
Matthew A. Feldman
Shaunna D. Jones
Joshua M. Troy
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
(212) 728-8111 (Fax)
mfeldman@willkie.com
sjones@willkie.com
jtroy@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*