# Exhibit 1

**Stipulation**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WP STEEL VENTURE, LLC, et al.,[1] | ) Case No. 12-11661 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### STIPULATION BETWEEN RG STEEL SPARROWS POINT, LLC. AND KINDER MORGAN BULK TERMINALS LLC

IT IS HEREBY STIPULATED AND AGREED, by and between RG Steel Sparrows Point, LLC ("**Debtor**"), by and through its counsel, and Kinder Morgan Bulk Terminals LLC ("**KM**" and, together with Debtor, the "**Parties**"), by and through its counsel, as follows:

### RECITALS

**WHEREAS**, Debtor has sued KM in litigation pending in the United States District Court for the District of Maryland, Civil Action 09-1668, such litigation involving the collapse of a crane at Debtor's Sparrows Point steel facility (the "**Crane Litigation**");

**WHEREAS**, on May 31, 2012 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), commencing a chapter 11 case ("**Bankruptcy Case**"),

**WHEREAS**, upon the Petition Date, the automatic stay arose pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**"), which stay could potentially prohibit the setoff of

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC: (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927). The Debtors' mailing address is located at PO Box 1847, Bel Air, MD 21014.

the KM Claim against any judgment obtained by the Debtor, against KM, in the Crane Litigation (the "**Judgment**");

**WHEREAS**, on September 21, 2012, KM filed a proof of claim in the Bankruptcy Case, claim number 1417, in the amount of $2,297,823.04 for services rendered at Debtor's Sparrows Point steel facility, which proof of claim also asserted a contingent claim of setoff of any amounts determined to be owed to the Debtor in the Crane Litigation, as well as a reservation of rights to assert rejection damages in the event of a judicial determination that there was an executory contract between Debtor and KM relating to the Sparrows Point facility (the "**KM Claim**");

**WHEREAS**, KM amended its answer in the Crane Litigation, on July 8, 2013, to assert setoff as an affirmative defense (the "**Affirmative Defense**") solely to preserve KM's right to pursue setoff of the KM Claim against the Judgment, under Section 553(a) of the Bankruptcy Code, before the Bankruptcy Court;

**WHEREAS**, Debtor filed a motion for summary judgment, on August 30, 2013, seeking to dismiss the Affirmative Defense, claiming, in part, that KM violated the Automatic Stay by asserting the Affirmative Defense, and further asserting that relief from the Automatic Stay must be sought in the Bankruptcy Court prior to asserting a right of setoff under Section 553(a) of the Bankruptcy Code; and

**WHEREAS**, Debtor and KM desire to resolve the setoff issue without further litigation.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this stipulation (the "**Stipulation**"), and the covenants and conditions contained herein, the Parties hereby agree as follows, subject to and effective as of the date of entry of this Stipulation by the Bankruptcy Court approving this Stipulation (the "**Approval Order**"):

1. The Parties agree that KM shall promptly, upon entry of the Approval Order, withdraw the Affirmative Defense asserted in the Crane Litigation. The Parties agree that KM's assertion of the Affirmative Defense did not violate the Automatic Stay, but was merely an attempt by KM to preserve its ability to seek setoff under Section 553(a) of the Bankruptcy Code.

2. The Parties further agree that KM's ability, if any, to pursue setoff under Section 553(a) of the Bankruptcy Code is hereby preserved until Judgment is obtained in the Crane Litigation, or the Crane Litigation is otherwise resolved. At such time, KM shall be permitted file a motion in the Bankruptcy Court seeking modification of the Automatic Stay to the extent necessary to permit KM to setoff off the KM Clam against the Judgment.

3. Nothing herein shall constitute a waiver of any rights that Debtor, or any other party in interest, may have to contest any aspect of the KM Claim.

4. Nothing herein shall constitute a waiver of any rights that Debtor, or any other party in interest, may have to contest KM's assertion of a right to setoff under Section 553(a) of the Bankruptcy Code.

5. Nothing herein shall constitute a waiver, or expansion, of any rights KM may have to assert setoff under Section 553(a) of the Bankruptcy Code in the Bankruptcy Court or to amend its proof of claim in the bankruptcy case.

6. This Stipulation shall be binding upon (a) all successors and assigns of each of the Parties to the Stipulation, and (b) any subsequently appointed chapter 11 trustee or chapter 7 trustee to the extent one is appointed.

7. This Stipulation contains the entire Stipulation by and between the Parties with respect to the subject matter hereof, and all prior understandings or Stipulations, if any, are merged into this Stipulation.

8. This Stipulation may only be changed, modified or otherwise altered in a writing executed by all the parties to this Stipulation. Oral modifications are not permitted.

9. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

10. Each person who executes this Stipulation represents that he or she is counsel for his or her representative client(s) and is executing this document on behalf and with the authority of his or her respective client(s).

11. Each of the Parties agrees to submit to the exclusive jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Stipulation.

12. Facsimile or other electronic copies of signatures on this Stipulation are acceptable, and a facsimile or other electronic copy of a signature on this Stipulation is deemed an original.

13. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

14. This Stipulation and the obligations of the Parties hereunder, are subject to the approval of the Bankruptcy Court. In the event the Bankruptcy Court fails to authorize and approve the terms and conditions of this Stipulation in its entirety, then this Stipulation shall be null and void and will have no further force and effect and nothing contained herein shall be deemed a waiver of the rights to any party hereto. This Stipulation and the obligations of the Parties hereunder shall be effective upon the entry of the Approval Order.

**IN WITNESS WHEREOF** the Parties, through their counsel, have executed and delivered this Stipulation as of the date first set forth below.

Dated: September 23, 2013

By: /s/ Shaunna D. Jones
Shaunna D. Jones
Joshua M. Trey
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111

*Counsel to Debtor RG Steel Sparrows Point, LLC*

By: /s/ Patricia Williams Prewitt
Patricia Williams Prewitt
Law Office of Patricia Williams Prewitt
10953 Vista Lake Ct.
Navasota, TX 77868
Telephone: (936) 825-8705
Fax: (713) 583-2833
pwp@pattiprewittlaw.com

*Counsel to Kinder Morgan Bulk Terminals, Inc.*