IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **WP Steel Venture LLC,** *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 12-11661 (KJC) <br><br> (Jointly Administered) <br><br> <u>Objection Deadline:</u> <br> October 11, 2013 |

**LIMITED OBJECTION OF BALTIMORE COUNTY, MARYLAND
TO REJECTION OF SPARROWS POINT LEASE**

Baltimore County, Maryland ("Baltimore County") by and through its undersigned counsel, hereby files this limited objection to the rejection of its lease of real property at Sparrows Point and sets forth the following:

1. On May 31, 2012, the above-captioned debtors (the "<u>Debtors</u>") filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code.

2. RG Steel Sparrows Point, LLC and Baltimore County entered into a Lease Agreement dated January 1, 2001, as amended by First Amendment to Lease Agreement dated October 6, 2008 (collectively, the "<u>Lease Agreement</u>").  A Memorandum of Lease evidencing this relationship was recorded in the Land Records of Baltimore County at Liber 0015657, Folio 305.  Pursuant to the Lease Agreement, Baltimore County leases land at Sparrows Point in Baltimore County from the Debtors (and now from the purchaser of the Debtors' Sparrows Point property), part of which land serves as a wetlands conservation area and part of which land is used for important community purposes, including housing a public safety radio tower, a fire department training academy and storage facilities for fire engines and salt.

3. On June 4, 2012, the Debtors filed a Motion for Orders: (A)(I) Approving Bidding Procedures in Connection with Sale(s) of Substantially All of the Debtors Assets;

(II) Scheduling a Hearing to Consider Sale; (III) Approving Form and Manner of Notice Thereof; and (IV) Authorizing Entry into Stalking Horse Agreements Subject to Further Hearing; (B)(I) Authorizing and Approving Sale of Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief [Docket No. 93] (the "Motion to Sell").

4. On August 8, 2012, Baltimore County filed its objection to the sale of Sparrows Point [Docket No. 831] (the "Sale Objection").

5. On August 15, 2012, the Court authorized the sale of Sparrows Point and entered its Order Authorizing and Approving (I) Sale of Sparrows Point Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief [Docket No. 909] (the "Sale Order"). As a result of Baltimore County's Sale Objection, paragraph 39, which states as follows, was included in the Sale Order: "Notwithstanding anything to the contrary herein or in the Agreement, subject to further order of the Court or agreement of the parties, the objections of Fritz Enterprises, Inc. and Baltimore County (the 'Pending Objectors') to the proposed sale of the Purchased Assets are being preserved, and neither the entry of this order nor the closing of the sale of the Purchased Assets shall affect the rights or interest asserted by the Pending Objectors in the Purchased Assets. The Purchaser shall be bound by any resolution of the issues raised in the objections of the Pending Objectors set forth in any further [order] of the Court or agreement among the Debtors, the Purchaser and the Pending Objectors."

6. The Debtors issued their Omnibus Notice of Rejection of Executory Contracts and/or Unexpired Leases of Nonresidential Real Property [Docket No. 3296] (the

"Rejection Notice") on September 27, 2013. The Debtors included the Lease Agreement in the Rejection Notice.

7. Baltimore County intends to continue to preserve its interest in the Lease Agreement. Baltimore County believes that the Rejection Notice and the rejection of the Lease Agreement do not alter the reservation of rights in paragraph 39 of the Sale Order or Baltimore County's section 365(h) rights with respect to the Lease Agreement, and continues to reserve all rights with respect to same. However, to the extent that the Rejection Notice purports to alter either paragraph 39 of the Sale Order or Baltimore County's section 365(h) rights with respect to the Lease Agreement, Baltimore County objects to the Rejection Notice.

WHEREFORE, Baltimore County objects to the Rejection Notice to the extent that the effect of the Rejection Notice alters paragraph 39 of the Sale Order or Baltimore County's section 365(h) rights with respect to the Lease Agreement.

Respectfully submitted this 11th day of October, 2013.

/s/ Darek S. Bushnaq
Darek S. Bushnaq (#5596)
1200 North Bloom Street
Wilmington, Delaware 19806
Telephone: 302-656-3929
Facsimile: 302-656-8503
dsbushnaq@venable.com

and

Andrew J. Currie (admitted pro hac vice)
Laura S. Bouyea (admitted pro hac vice)
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244-7400
Facsimile: (410) 244-7742
ajcurrie@venable.com

7198109-v1