## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------x
In re                                          :    Chapter 11
                                               :
WP Steel Venture LLC, et al.,[1]               :    Case No. 12-11661 (KJC)
                                               :
                              Debtors.         :    (Jointly Administered)
                                               :
-----------------------------------------------x    Re: D.I.  3463, 3492
```

## ORDER (I) MODIFYING THE SCOPE OF EMPLOYMENT
## AND RETENTION OF SEA PORT GROUP SECURITIES, LLC AS
## INVESTMENT BANKER; AND (II) APPROVING AND AUTHORIZING
## THE COMPROMISES EMBODIED IN THE NEW ENGAGEMENT LETTER

Upon the supplemental application (the "**Supplemental Application**") of the

debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for

entry of an order (i) pursuant to sections 327(a) and 328(a) of title 11 of the United States Code

(the "**Bankruptcy Code**"), as supplemented by Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"**Local Bankruptcy Rules**"), modifying the scope of the Debtors' retention and employment of

Sea Port Group Securities, LLC ("**Seaport**"); and (ii) pursuant to Bankruptcy Rule 9019(a),

approving the compromises embodied in the New Engagement Letter by and among the Debtors

and Seaport; and upon the supplemental declaration of James Tumulty, dated December 17, 2013

2013, (the "**Supplemental Declaration**"); and due and adequate notice of the Supplemental

Application having been given; and it appearing that no other or further notice need be provided;

---

[1]    If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in
parentheses: (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv)
RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren,
LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC
(9927). The Debtors' mailing address is P.O. Box 1847, Bel Air, Maryland 21014.

and the Court being satisfied that based on the Supplemental Declaration, Seaport is a

"disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and

otherwise meets the standards for retention under the Bankruptcy Code and applicable rules; and

it appearing that the relief requested by the Supplemental Application is in the best interests of

these estates, their creditors, and other parties in interest; and after due deliberation and sufficient

cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1.      The Supplemental Application is granted.

2.      Capitalized terms not otherwise defined herein shall have the meanings

ascribed to such terms in the Supplemental Application.

3.      Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors

are authorized to modify the scope of employment and retention of Seaport in these chapter 11

cases to allow Seaport to perform the Mountain State Services pursuant to the terms of the New

Engagement Letter as modified by this Order (and as such document may be subsequently

modified by consent of the parties thereto in accordance with the terms thereof).

4.      The terms of the New Engagement Letter are approved in all respects

except as limited or modified herein.  Seaport will file fee applications for interim and final

allowance of compensation and reimbursement of expenses pursuant to the procedures set forth

in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be

applicable, from time to time, and such procedures as may be fixed by order of this Court.

5.      Notwithstanding the prior paragraph, the fees payable to Seaport pursuant

to the New Engagement Letter shall be subject to review only pursuant to section 328(a) of the

Bankruptcy Code and shall not be subject to the standards set forth in section 330 of the Bankruptcy Code.

6.     Notwithstanding any provision to the contrary in this Order, the fee auditor appointed in these cases, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and the Official Committee of Unsecured Creditors (the "**Committee**") shall have the right to object to Seaport's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code.

7.     Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any order of this Court, or any guidelines regarding submission and approval of fee applications, Seaport and its professionals shall not be required to bill activities in one-tenths (.1) of an hour or to provide or conform to any schedule of hourly rates; provided, however, that Seaport shall maintain reasonably detailed time records describing their general daily activities, the identity of persons who performed such services, and the estimated amount of time expended on such activities on a daily basis.  Seaport is granted a waiver of the information requirements relating to compensation requests set forth in Local Bankruptcy Rule 2016-2(d).

8.     The Indemnification Provisions of the New Engagement Letter are approved, subject to the following modifications:

      (a)     Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, Seaport, in accordance with the New Engagement Letter, for any claim arising from, related to, or in connection with their performance of the services described in the New Engagement Letter;

      (b)     Seaport shall not be entitled to indemnification, contribution or reimbursement pursuant to the New Engagement Letter for

3

services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(c)     The Debtors shall have no obligation to indemnify Seaport, or provide contribution or reimbursement to Seaport, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Seaport's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Seaport's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing to be a claim or expense for which Seaport should not receive indemnity, contribution or reimbursement under the terms of the New Engagement Letter as modified by this Order; and

(d)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing or dismissing these Chapter 11 Cases, Seaport believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the New Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Seaport must file an application therefore in this Court, and the Debtors may not pay any such amounts to Seaport before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Seaport for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Seaport. All parties in interest shall retain the right to object to any demand by Seaport for indemnification, contribution or reimbursement.

9.      The compromises embodied in the New Engagement Letter are approved pursuant to Bankruptcy Rule 9019.

10.     The Debtors are authorized to take such further actions and execute and deliver such further documents as may be reasonably necessary to effectuate this Order.

4

11.    Notwithstanding any provision of the New Engagement Letter to the contrary, to the extent this Court has jurisdiction over any matters arising out of or related to the New Engagement Letter, such matter shall be heard in this court.

12.    To the extent this Order is inconsistent with any prior order or pleading with respect to the Supplemental Application in these cases or the New Engagement Letter, the terms of this Order shall govern. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Bankruptcy Rules, or otherwise, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

13.    The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Debtors' chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

14.    This Court shall retain jurisdiction over any matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware

                                           THE HONORABLE KEVIN J. CAREY
                                           UNITED STATES BANKRUPTCY JUDGE