IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 12-11661 (KJC) |
| WP Steel Venture LLC, et al.[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Hrg. Date: Apr. 1, 2014 at 11:00 a.m. (Eastern) |
| | : | Obj. Due:  Mar. 24, 2014 at 4:00 p.m. (Eastern) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**MOTION OF SEVERSTAL US HOLDINGS, LLC AND SEVERSTAL
US HOLDINGS II, LLC FOR ENTRY OF AN ORDER PURSUANT
TO 11 U.S.C. § 362(d)(1), FED. R. BANKR. P. 4001 AND DEL.
BANKR. L.R. 4001-1 APPROVING STIPULATION MODIFYING
AUTOMATIC STAY TO PERMIT SEVERSTAL TO
<u>FILE AND LITIGATE TO JUDGMENT THE COUNTERCLAIMS</u>**

Severstal US Holdings, LLC ("SUSH") and Severstal US Holdings II, LLC ("SUSH II," and together with SUSH, "Severstal"), by and through their undersigned counsel, submit this motion (the "Motion") for entry of an order (the "Order"), substantially in the form attached hereto as Exhibit A, pursuant to 11 U.S.C. § 362(d)(1), Fed R. Bankr. P. 4001 and Del. Bankr. L.R. 4001-1 approving the stipulation, attached as Exhibit 1 to the Order (the "Stipulation"), modifying the automatic stay to permit Severstal to file and litigate to a final non-appealable judgment the Counterclaims (as defined herein) against RG Steel, LLC ("RG Steel," together with SUSH and SUSH II, the "Parties") in the New York Action (as defined herein). In support of the Motion, Severstal represents as follows:

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927). The address of the Debtors' executive headquarters is 1430 Sparrows Point Boulevard, Sparrows Point, MD 21219.

**Background**

    A.    **The Chapter 11 Filings**

    1.    On May 31, 2012, each of WP Steel Venture LLC, Metal Centers, LLC, RG Steel, RG Steel Railroad Holding, LLC, RG Steel Sparrows Point, LLC, RG Steel Warren, LLC, RG Steel Wheeling Steel Group, LLC and RG Steel Wheeling, LLC (the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the District of Delaware. The Debtors continue to operate their businesses and manage their properties as debtors in possession under 11 U.S.C. §§ 1107(a) and 1108. This Court has ordered joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases"). To date, no trustee or examiner has been appointed in the Chapter 11 Cases.

    2.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these proceedings in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are section 362(d)(1) of the Bankruptcy Code, Fed R. Bankr. P. 4001 and Del. Bankr. L.R. 4001-1.

    B.    **The New York Action**

    3.    Pursuant to a Stock Purchase Agreement, by and among SUSH, SUSH II, Severstal Sparrows Point, LLC (now known as RG Steel Sparrows Point, LLC) and RG Steel, dated as of March 1, 2011 (the "SPA"), RG Steel purchased the issued and outstanding equity interests of Sparrows Point and its subsidiaries.

    4.    On April 20, 2012, RG Steel commenced a lawsuit against Severstal in the Supreme Court of the State of New York, County of New York, Index No. 12-651290 (the "New

York Action").² The Chapter 11 Cases were commenced before Severstal filed its answer, and the New York Action was automatically stayed. On March 7, 2013, RG Steel filed a Notice of Removal of the New York Action, which removed the New York Action to the United States District Court for the Southern District of New York. See Notice of Removal, RG Steel, LLC v. Severstal US Holdings, LLC, et al, No. 13-1540 (RWS) (S.D.N.Y. Mar. 7, 2013). The New York Action was referred to and is currently pending before the Hon. Robert W. Sweet. See Notice of Case Assignment, RG Steel, LLC v. Severstal US Holdings, LLC, et al, No. 13-1540 (RWS) (S.D.N.Y. Mar. 11, 2013).

5. On June 7, 2013, RG Steel filed an amended complaint (the "Amended Complaint") in the New York Action. See Amended Complaint, RG Steel, LLC v. Severstal US Holdings, LLC, et al, No. 13-1540 (RWS) (S.D.N.Y. June 7, 2013). Pursuant to the remaining counts of the Amended Complaint,³ RG Steel seeks damages for certain Losses (as defined in the SPA) that it allegedly sustained as a result of Severstal's alleged breaches of representations, warranties and covenants in the SPA.

6. Severstal must file its answer, along with its counterclaims that arise out of the subject matter of the Amended Complaint (the "Counterclaims"), on or before March 17, 2014 (the "Answer Deadline"). See Stipulation to Extend Time for Defendants to Answer the

---

² The SPA contains a forum selection clause for any action seeking to enforce any provision of, or based on any matter arising out of or in connection with, the SPA. SPA § 10.08. Any such disputes must be brought in federal district court in New York, New York, or in state court in New York, New York if the federal district court does not have subject matter jurisdiction. Both parties "irrevocably consent[ed]" to the exclusive jurisdiction of such courts in any such disputes and "irrevocably waive[d]" any objection to the venue or that such dispute was brought in an inconvenient forum.

³ Certain counts of the Amended Complaint have been voluntarily withdrawn or dismissed, in whole or in part. See Amended Opinion, RG Steel, LLC v. Severstal US Holdings, LLC, et al, No. 13-1540 (RWS) (S.D.N.Y. Jan. 24, 2014) (dismissal of the first cause of action in part and second cause of action in its entirety); Stipulation, RG Steel, LLC v. Severstal US Holdings, LLC, et al, No. 13-1540 (RWS) (S.D.N.Y. Sept. 30, 2013) (voluntarily withdrawal without prejudice of the fourth cause of action of the Amended Complaint).

Amended Complaint, RG Steel, LLC v. Severstal US Holdings, LLC, et al, No. 13-1540 (RWS) (S.D.N.Y. Mar. 4, 2014).

### C. Severstal's Proofs of Claim Filed in the Chapter 11 Cases

7. On September 21, 2012 and September 24, 2012, SUSH and certain of its subsidiaries, including SUSH II,[4] properly and timely filed forty-five proofs of claim (the "Proofs of Claim").[5] The Proofs of Claim assert various claims – including the Counterclaims – against the Debtors.

### D. The Stipulation Modifying the Automatic Stay

8. After arm's-length and good faith negotiation, the Parties have entered into the Stipulation. If this Court approves the Stipulation, the automatic stay would be modified to enable Severstal to file and litigate to a final, non-appealable judgment, the Counterclaims in the New York Action. See Stipulation ¶ 2; Order ¶ 3.

9. Other material provisions of the Stipulation, attached hereto as Exhibit 1 to Exhibit A, and the Order, attached hereto as Exhibit A, are summarized below:

> Severstal must seek further approval of this Court in order to enforce, execute or effect any judgment entered on the Counterclaims, or to enforce, execute or effect any setoff against any obligations owed to any of the Debtors. See Stipulation ¶ 2.
>
> The rights of SUSH or SUSH II to seek contribution or indemnification from any other entities or persons other than the Debtors on account of claims asserted in the New York Action are not affected by the Stipulation. See id. ¶ 3.
>
> The rights of the Parties to prosecute, defend against, or settle the merits of any claims, subject to this Court's approval, that have been or may be asserted in the

---

[4] Other SUSH subsidiaries that filed proofs of claim against the Debtors are SNA Carbon, LLC, Severstal Dearborn, LLC, and Severstal Columbus, LLC.

[5] See Claim Nos. 1544, 1545, 1548, 1511, 1553, 1557, 1558, 1559, 1560, 1561, 1566, 1567, 1569, 1570, 1571, 1572, 1578, 1580, 1583, 1585, 1587, 1590, 1593, 1594, 1596, 1598, 1602, 1603, 1605, 1608, 1610, 1612, 1615, 1617, 1618, 1619, 1620, 1621, 1622, 1623, 1624, 1625, 1625, 1627, 2020, filed in these Chapter 11 Cases.

New York Action and any subsequent appellate proceedings with respect to the New York Action, are not affected by the Stipulation. See id. ¶ 4.

The Debtors are not bound by the Stipulation unless and until this Court approves it. In the event that this Court does not approve the Stipulation prior to the Answer Deadline and Severstal files the Counterclaims, the Debtor may not take the position that Severstal's filing of the Counterclaims constituted a violation of section 362 of the Bankruptcy Code. In the event that Severstal files the Counterclaims and this Court does not approve the Stipulation, Severstal will voluntarily withdraw the Counterclaims without prejudice. See id. ¶ 10.

The Order is effective and enforceable immediately upon approval by this Court, and any stays otherwise imposed are waived. See Order ¶ 4.

### Relief Requested

10.     By this Motion, Severstal seeks entry of an order approving the Stipulation modifying the automatic stay to permit Severstal to file and litigate to a final, non-appealable judgment, the Counterclaims in the New York Action.

### Basis for Relief

11.     Section 362(a)(1) of the Bankruptcy Code automatically stays a creditor from, among other things, commencing or continuing a prepetition action or proceeding against a debtor. If the circumstances warrant, the stay may be lifted or modified pursuant to section 362(d)(1) of the Bankruptcy Code. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause … .

11 U.S.C. § 362(d)(1).

12.     Neither the Bankruptcy Code nor the legislative history of section 362(d)(1) of the Bankruptcy Code defines "cause." In re Brown, 311 B.R. 409, 412-13 (Bankr. E.D. Pa. 2004); Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co. (In re Trident Assocs. Ltd.

5

P'ship), 52 F.3d 127, 131 (6th Cir. 1995). Courts have regarded the term "cause" as an "intentionally broad and flexible concept" that must be determined on a case-by-case basis. In re Brown, 311 B.R. at 412-13 (decisions "offer no precise standards to determine when 'cause' exists to successfully obtain relief from the stay."); see also Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997).

13. Courts have further noted that section 362(d)(1) is intended to be applicable to situations in which parties seek to go forward with proceedings in another tribunal. Id. Indeed, the legislative history provides that "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977); see also id. at 343-44 (finding that cause may be established by single factor such as "desire to permit an action to proceed . . . in another forum").

14. Cause exists to modify the automatic stay to allow Severstal to file and litigate to a final, non-appealable judgment, the Counterclaims in the New York Action. Under the forum selection clause of the SPA, RG Steel and Severstal each "irrevocably consent[ed]" to the exclusive jurisdiction of the federal district court or state court in New York and "irrevocably waive[d]" any objection to such venue or that such forum was inconvenient, for purposes of enforcing any provision of, or based on any matter arising out of or in connection with, the SPA. See SPA § 10.08. Pursuant to the forum selection clause, RG Steel initiated the New York Action in state court in New York and removed it to federal district court in New York. RG Steel has not attempted to remove the New York Action to this Court or the United States District Court for the District of Delaware. Granting the relief requested in this Motion is consistent with

the forum selection clause and with RG Steel's manifest intent to litigate disputes related to the SPA in federal district court in New York.

15. Moreover, the terms of the Stipulation do not authorize Severstal to enforce, execute or effect any judgment entered on the Counterclaims, or to enforce, execute or effect any setoff against any obligations owed to any of the Debtors, absent a further order from this Court. See Stipulation ¶ 2. Accordingly, neither RG Steel nor its estate will be prejudiced if the stay is modified.

16. In contrast, maintaining the stay could result in potentially severe prejudice to Severstal. In its Proofs of Claim, Severstal has asserted, among other things, the Counterclaims – claims that arise out of the subject matter of the Amended Complaint – against RG Steel. The Counterclaims may be lost if they are not brought as counterclaims in the New York Action, as they may be compulsory counterclaims pursuant to Fed. R. Civ. P. 13(a).[6]

17. Courts have granted relief from the automatic stay in similar circumstances – i.e., to allow a defendant to file and litigate counterclaims in debtor-initiated, non-bankruptcy court litigation. See Order Permitting Del Valle Capital Corporation, Inc. to File and Litigate to Judgment Counterclaims in the Action Brought by the Debtor in California State Court, In re BWI Liquidating Corp., et al, No. 09-12526 (MFW) (Bankr. D. Del. Jan. 13, 2010)

---

[6] Fed. R. Civ. P. 13(a) provides that "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." At least one bankruptcy court has disallowed a creditor's claim, notwithstanding a properly filed proof of claim, on the basis that the creditor failed to assert the claim as a compulsory counterclaim in a pending litigation. See Brief of Petitioner-Appellant at 4-5, Valley National Bank v. B.C. Enterprises, Ltd. et al, No. 94-16027 (9th Cir. Sept. 19, 1994), 1994 WL 16120947 (applying Arizona Rule of Civil Procedure 13(a), which is substantially similar to Fed R. Civ. P. 13(a)). But see In re Merritt Logan, Inc., 109 B.R. 140, 145-46 (Bankr. E.D. Pa 1990) (where creditor asserted prepetition proof of claim against debtor but did not raise such claim as a counterclaim in adversary proceeding pending in district court after withdrawal of the reference, debtor's objection to proof of claim based on Fed. R. Civ. P 13(a) was overruled because Fed. R. Bankr. P. 7013 governed, even if such claims were compulsory).

(lifting automatic stay to permit defendant to file and litigate its counterclaims through to judgment in debtor-initiated state court action); In re Countryside Manor, Inc., 188 B.R. 489, 491-92 (Bankr. D. Conn. 1995) (lifting automatic stay to allow defendant to pursue counterclaim where defendant in debtor-initiated state court action had not yet filed counterclaim); In re Millsap, 141 B.R. 732, 733 (Bankr. D. Id. 1992) ("a creditor is entitled to relief from the section 362 automatic stay to assert a counterclaim in debtor initiated non-bankruptcy proceedings in most instances as a matter of right considering the compulsory nature of most counterclaims under rules of civil procedure.").

### Request for Waiver

18.　In light of the consensual nature of the relief requested herein, Severstal respectfully requests a waiver of any stays, to the extent applicable, of the order granting the relief requested in this Motion.

[*Remainder of Page Intentionally Left Blank*]

**Conclusion**

WHEREFORE, Severstal respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, approving the Stipulation modifying the automatic stay to permit Severstal to file and litigate to a final, non-appealable judgment, the Counterclaims in the New York Action and granting such other relief as is just and proper.

Dated: Wilmington, Delaware
March 5, 2014

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/* Douglas D. Herrmann
Anthony W. Clark (I.D. No. 2051)
Douglas D. Herrmann (I.D. No. 4872)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000 (telephone)
(302) 651-3001 (facsimile)
anthony.clark@skadden.com
douglas.herrmann@skadden.com

- and -

George N. Panagakis
Albert L. Hogan III
Matthew N. Kriegel
155 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
(312) 407-0700 (telephone)
(312) 407-0411 (facsimile)
george.panagakis@skadden.com
albert.hogan@skadden.com
matthew.kriegel@skadden.com

*Attorneys for Severstal US Holdings, LLC and Severstal US Holdings II, LLC*